May Term, 1846.

MARQUIS v. ROGERS.

---

MARQUIS *v.* ROGERS, Administrator.

Debt against an administrator on a promissory note of the deceased. Pleas, 1. No consideration; 2. No goods of the deceased; 3. *Plene administravit*; 4. Failure of consideration. Replication to the 1st and 4th pleas, that the note was given on a sufficient consideration. Replication to the 2d and 3d pleas, that the defendant had assets.

*Held*, that the first replication, so far as it related to the 4th plea, was a nullity. *Held*, also, that the affirmative of the issues on the 2d and 3d pleas was on the plaintiff, and that he had a right to begin. *Held*, also, that evidence of payment was inadmissible under the issues.

The party complaining of a refusal to give an instruction to the jury must show that there was evidence to which the instruction was applicable.

Tuesday, June 23.

ERROR to the *Allen* Circuit Court.

BLACKFORD, J.—This was an action of debt on three promissory notes given by the defendant's intestate to the plaintiff. Pleas, 1. No consideration; 2. No goods of the deceased in the defendant's hands; 3. *Plene administravit;* 4. Failure of consideration. Replication to the 1st and 4th pleas, that the notes were given on a sufficient consideration. Replication to the 2d and 3d pleas, that the defendant had assets. The first replication, so far as it relates to the 4th plea, is a nullity. It does not attempt to answer the alleged failure of consideration. The cause was tried by a jury. Verdict and judgment for the defendant.

After the evidence on the trial was closed, the plaintiff moved the Court for leave to open and conclude the argument in the cause, but the motion was overruled. The affirmative of the issues on the 2d and 3d pleas was on the plaintiff. *Bentley* v. *Bentley*, 7 Cowen, 701.—2 Greenl. Ev. 277. He had, therefore, a right to begin.

There were several instructions asked for by the plaintiff

and refused. It is not shown that there was any evidence to which these instructions were applicable, and we cannot say, therefore, that the refusal was erroneous.

On motion of the defendant, the Court instructed the jury that if they found that the notes were paid, their verdict should be for the defendant. This instruction was wrong. The defendant could not, under the issues, prove payment of the notes.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Wallace* and *R. Brackenridge*, for the plaintiff.
*D. H. Colerick* and *H. Cooper,* for the defendant.