Nov. Term,
1846.

Jackson
v.
Pittsford.

---

## Jackson and Another *v.* Pittsford.

The plaintiff's right to challenge a juror peremptorily remains open until the juror is sworn.

The party on whom the affirmative lies is entitled to begin.

Where there are several issues, and the proof of one of them lies on the plaintiff, he is to begin.

*Monday,*
*November 23.*

APPEAL from the *Madison* Circuit Court.

Blackford, J.—Assumpsit on a promissory note. *Pittsford* was the plaintiff below. Pleas, 1. Non assumpsit; 2. Usury. Replication in denial of the second plea. Verdict for the plaintiff. Motion by the defendants for a new trial overruled; and judgment on the verdict.

The first error assigned is, that the Court incorrectly allowed the plaintiff to challenge a juror.` The following are the facts: After the plaintiff had challenged two jurors peremptorily, and their places had been supplied, he said he would take the jury. Some jurors challenged by the defendants being set aside, and others put in their places, they accepted the jury.` Afterwards, one of the jurors, who was in the box when the plaintiff said he would take the jury, was challenged peremptorily by the plaintiff. This challenge was objected to, but the objection was overruled. There was no error in allowing the challenge objected to. The plaintiff had a right to make it at any time before the juror was sworn. *Beauchamp* v. *The State*, 6 Blackf. 299.—*Munly* v. *The State*, 7 *id*. 593.

The next objection is, that the plaintiff was permitted to begin. We think the Court did right. The rule of law is, that the party on whom the affirmative lies is entitled to begin; and where there are several issues, and the proof

of one of them lies on the plaintiff, he is to begin. *Jackson v. Hesketh*, 2 Stark. R. 518. In the present case, one of the pleas being non assumpsit, the plaintiff had to take the first step on the trial, by producing the note, though the plea was not sworn to.

*Nov. Term, 1846.*

The defendants make one other objection, viz., that they were entitled to a new trial, the verdict being against evidence. We have examined the evidence, and think there is no error in this part of the case.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*W. March*, for the appellants.

*D. Kilgore*, for the appellee.

