WEATHERLY *v.* HIGGINS.

The intention of section 20, p. 19, 2 R. S. 1852, was, that appeals from the Courts of Common Pleas to the Circuit Courts should stand for trial, in the latter Courts, on their merits.

Nov. Term,
1854.

WEATHERLY
v.
HIGGINS.

Section 336, p. 114, 2 R. S. 1852, authorizes the Court to direct the jury to find a special verdict, without being requested by either party.

Earnest money paid may be recovered back upon a failure of the party who received it to comply with his part of the contract.

Growing corn is as capable of delivery as any other article of commerce.

An instruction may properly be refused which would tend to mislead the jury.

Instructions must be objected to before the return of the verdict, or all errors therein will be considered as waived.

A party who has neglected to move for a new trial or in arrest of judgment, can not afterward object to the form of the verdict.

Tuesday,
December 19.

APPEAL from the *Decatur* Circuit Court.

HOVEY, J.—Assumpsit by *Higgins* against *Weatherly*, for a breach of contract for the sale of hogs and corn. The action was commenced in the Court of Common Pleas, and at the *January* term, 1853, *Weatherly* appeared and filed the general issue and seven special pleas. The special pleas were demurred to, and the demurrers sustained as to the third, fourth, sixth, seventh and eighth, and overruled as to the second and fifth. Issues in fact were formed upon the first, second and fifth, tried by jury, and verdict and judgment for the defendant below. *Higgins* appealed to the Circuit Court, and at the *May* term, 1853, the cause was again submitted to a jury, and the Court, without being requested, directed them to return a special verdict. In compliance with the direction of the Court, the jury returned a special verdict setting out the facts, but did not specify the amount of damages. The Court, upon the basis of the facts returned, assessed the amount of damages, and rendered judgment in favor of the plaintiff below. No motion was made for a new trial or in arrest of judgment.

Several objections are raised by bills of exception.

1. *Weatherly* objected to the cause being tried *de novo* in the Circuit Court, and insisted that it should be tried on error. It was evidently the intention of section 20, p. 19, 2 R. S., that such appeals should stand for trial on their merits in the Circuit Court.

2. It is insisted that the Court erred in calling back the jury and directing them to find a special verdict; but we think a fair construction of section 336, p. 114, 2 R. S.,

confers that power upon the Court. The words, "unless otherwise directed by the Court," show that the legislature intended to clothe the Court with that power.

The following instructions were tendered to the Court by *Weatherly's* counsel and refused:

"1. If the jury find for the plaintiff, they can not find the amount of earnest money paid on the contract to the defendant."

"3. The corn growing in the field was not susceptible of delivery by act of the defendant, and before the plaintiff can recover for that, he must show to the satisfaction of the jury that he was prevented from gathering it by the defendant, as well as his readiness to perform his part of the contract.

"4. If the jury believe that it was part of the agreement that the contract was to be reduced to writing, and the plaintiff refused to do so, and the defendant offered to pay back the earnest money, and the plaintiff refused to accept, he can not recover. If the time for the delivery of the hogs was extended by the parties, and the plaintiff took them before the expiration of that time, the defendant was not in default; a readiness or ability to pay upon the part of the plaintiff is not a sufficient tender."

These instructions were correctly refused.

As the plaintiff claimed the money paid, in his declaration, he would be entitled to recover it under a special count, and the first instruction was, therefore, correctly refused. See Chitty on Contracts 445, and notes.

The third instruction would tend to mislead the jury, as it charges that "growing corn was not susceptible of delivery." Growing corn can be as easily delivered as any other article of commerce.

The fourth instruction is erroneous, because it assumes that if the plaintiff took the hogs the defendant was not in default. He might not have been in default as to the hogs, but a delivery of the hogs would not have shielded him from damages as to the corn.

Several instructions given by the Court are complained of, but there is nothing in the record showing that they

were objected to before the return of the verdict. The record must show that they were objected to before the return of the verdict, or the errors they contain must be considered as waived. *Jones* v. *Van Patten*, 3 Ind. 107.— *Roberts* v. *Higgins*, 5 *id.* 542.

Although the special verdict was imperfect, as there was no motion for a new trial or in arrest of judgment, it is too late to raise the objection.

*Per Curiam.*—The judgment is affirmed with costs.

*J. R. Coverdill*, *C. S. Parrish* and *J. Robinson*, for the appellants.

*J. S. Scobey* and *J. Ryman*, for the appellee.

