By the Court. Woodruff, J.
The only point to which our attention was called, on the argument of this appeal, is the rejection of the evidence offered by the defendant. His counsel insists that the evidence should have been received. While, on the other hand, the plaintiffs insist, that had testimony been given, establishing the facts stated in the offer, no defence would have been made out, and no question would have been raised thereby, which it was proper to. submit to the jury.
The facts proved, and the facts which the defendant offered to prove, raise this single question:
When a note is made by a defendant for the accommodation of a payee, and he delivers it to the payee for his use, without any qualification or restriction, and such payee passes it to the plaintiff as security for a pre-existing debt, can the plaintiff recover thereon against the maker ?
It seems to us that there can be no doubt upon this subject. Indeed, we are somewhat at a loss to discover grounds upon which the maker in such case should hesitate to pay the note, or deem himself in any degree excused, if he refuse.
He lent his notes for the very purpose of enabling the payees to use his credit in any manner which the exigencies of their business required or made convenient to them. The notes were used accordingly. The payees had full authority to use them, and we know of no reason or principle upon which the notes might not as well be given out as security for a debt, as discounted to raise money to pay the debt. The result in each case is precisely the same to the maker. The notes serve a useful purpose to the payees, and, for aught that appears, a purpose within the intent for which they were made by the makers.
' The cases to which we were referred by the counsel for the defendant, do not sustain the defence. They are instances of the fraudulent misappropriation of a note,, or where there was *337 some fraud in procuring it, or where there existed some circumstance in the relation of the parties which would make its collection operate as a fraud upon the maker. (20 J. R. 637; 10 Wend. 85; 12 Ib. 593; 13 Ib. 605.) The case, which has become somewhat prominent in the history of this subject, Stalker v. McDonald (6 Hill. 93), was a case in which the transfer was a plain fraud upon the plaintiff, the owner of the note, for the recovery of which the suit was brought, and although in that as also in some of the other cases, dicta may be found general in their form and sufficiently broad to warrant the claim here made by the defendant, the cases themselves do not warrant any such defence. The case of Skilding et al. v. Warren (15 J. R. 270), in some of its particulars, resembles the present. That was an action upon an accommodation note, but it was fraudulently transferred, and the plaintiffs received it with knowledge of the fraud.
On the other hand, the very point was distinctly decided against the defendant in Grandin v. Le Roy (2 Paige, 509), where the Chancellor held, that where the endorsers of an accommodation note lent their names to the maker, without any restriction as to the manner in which the note should be used, he had a right to use it to pay or secure an antecedent debt.
In The Bank of Rutland v. Buck (5 Wend. 66), it was held, that a surety to a note for the accommodation of the principal, is liable upon it when passed away as collateral security for the payment of a judgment. (See also 4 Cow. 567; White v. Springfield Bank, 3 Sandf. S. C. R. 222.)
The decision of this Court in Lathrop v. Morris, in 5 Sandf. 7, is wholly inconsistent with the views insisted upon by the defendant’s counsel. The principle of that case is, that one who receives a note, either in payment or as collateral security for a pre-existing debt, is entitled to recover against an accommodation maker, in cases exempt from fraud; and this principle is there treated as fully settled.
It is hardly necessary to add, that the judgment must be affirmed.
Possibly some question might have been raised, whether, upon the facts testified by the payee, the plaintiff was entitled *338 to recover for a greater sum than the debt for which the note was held as security. But no such question was raised on the trial, nor was it suggested on the argument of the appeal. Judgment affirmed.