SHANK *v.* FLEMING.

If in a suit by the assignee upon a promissory note, the answer admit the execution and assignment of the note, and set up new matter in bar of the action, the burden of the issue rests upon the defendant, and by the statute, (2 R. S. pp. 109, 112, ss. 324, 326,) he is entitled to open and close the argument.

Section 99, 2 R. S. p. 48, contemplates the correction of errors in pleading; but not of a mistake in the contract upon which the action is founded.

Thus, where the note sued upon purported to have been given for a tract of land described on its face, the plaintiff cannot amend his reply so as to show that it was in fact given for another tract.

And where the reply was thus amended,—*held*, that, as amended, it was bad for departure.

APPEAL from the *Delaware* Circuit Court.

DAVISON, J.—*Fleming*, the plaintiff below, sued *Shank*, who was the defendant, upon a promissory note executed to one *Norval Fleming*, and by him assigned to the plaintiff. The note is as follows:

"On the 25th day of *December*, 1853, for value received, I promise to pay *Norval Fleming*, eighty dollars, given for the west half of the north-east quarter of section number 32, township 21, range 9. This 23d day of *September*, 1851. [Signed,] *Abraham Shank.*"

The defendant's answer admits the execution of the note and the assignment; but alleges, 1. That the note is without consideration. 2. That it was assigned to the plaintiff without any consideration whatever; that he has no title to, or interest in, the note; and that *Norval Fleming* is the real party in interest, and the person in whose

name the action should have been instituted, &c. 3. That the sole consideration for which the note was given, was the sale of the west half of the north-east quarter of section number 32, township 21, range 9, by *Norval Fleming* to the defendant—to which the said *Norval* hath not, nor had he ever, any title whatever, &c. 4. That the land above described, and for which the note was given, was purchased by *Norval Fleming* of one *Henry Shank*, who purchased it of one *Jacob Kline*, who still holds a lien thereon for 100 dollars of the purchase-money, due to him from *Shank*, and for the recovery of which, he, *Kline*, had instituted a suit, which is now pending, whereby he seeks to enforce said lien, and prays judgment for the sale of the land, &c. Wherefore, the defendant submits that the present suit be dismissed, or that it be stayed until the action instituted by *Kline* is finally determined.

In reply to the first paragraph, the defendant alleges that the note was given for a valuable consideration. To the second, so far as it avers the assignment to have been made without consideration, he replied that the consideration upon which the note was assigned was valid and valuable. And in reply to the third paragraph, he admits that the note was given for the west half of the north-east quarter of section number 32, township 21, range 9; but avers that he had title to the land, &c.

A demurrer was sustained to the fourth paragraph, and also to that part of the second to which there was no reply.

The cause was submitted to the Court for trial, and thereupon the defendant moved for the opening and close; but his motion was overruled, and the plaintiff allowed to open and close the case.

The Court found for the plaintiff, and over a motion for a new trial, there was judgment, &c.

There is a bill of exceptions which says, that, after the defendant introduced his evidence, the plaintiff asked leave to strike out his reply to the third paragraph of the answer, and instead thereof to file the following, viz.:

' " And for reply, &c., the plaintiff avers that the note sued on was written by the defendant himself, who therein, by

mistake or fraud, described the land as the 'west half of the north-*east* quarter of section number 32, township 21, range 9,'—when, in truth, &c., the consideration of the note was the sale of the 'west half of the north-*west* quarter of section number 32, township number 21, north of range 9.' That for the last described tract, the said *Norval Fleming* had a valid title, which he conveyed to the defendant, and said conveyance constitutes the consideration of the note," &c.

The Court, though the defendant objected, allowed the plaintiff to file his amended reply.

For the reversal of the judgment, it is contended—

1. That the defendant was entitled to the opening and close of the case.

The code provides that the party on whom rests the burden of the issues, must first produce his evidence, and that on the argument, the party having the burden of the issue, shall have the opening and close. 2 R. S. pp. 109, 112, ss. 324, 326.—5 Ind. R. 521. In the case presented by the record, the answer admits the execution of the note and its assignment, and sets up new matter in bar of the action. The state of the pleadings did not require the plaintiff, in the first instance, to produce his note in evidence. Hence, the burden of the issues rested on the defendant, who, under the rule of practice to which we have referred, was plainly entitled to open and close.

2. The next inquiry relates to the amended reply. We are referred to a provision of the code which enacts that, "the Court may, at any time, in its discretion, and upon such terms as may be deemed proper, for the furtherance of justice, direct the name of any party to be added or struck out; a mistake in the name, description or legal effect, or in any other respect, to be corrected; any material allegation to be inserted, struck out, or modified; to conform the pleadings to the facts proved; when the amendment does not substantially change the claim or defense." 2 R. S. p. 48, s. 99. This rule of practice does not, in our opinion, sustain the action of the Court in granting leave to amend. The reply, as it originally stood, is consistent

with the complaint; and the effect of the amendment is not merely to conform the pleadings to the facts proved, but to correct a mistake in the instrument sued on. The statutory provision which we have quoted, evidently contemplates the correction of errors in the pleadings, and not mistakes in the contract on which the action is founded.

There is, however, another reason why the amendment was improperly allowed. The reply, as amended, sets up new matter inconsistent with the complaint, and thereby produces what the law denominates a departure in pleading (1). It follows that the amended reply is substantially defective. 2 R. S. p. 42, s. 67.—Van Santvoord's Pl. 631. Whether, under proper averments in the complaint, the misdescription of the land could have been corrected, and at the same time the amount of the note recovered, is a question not properly before us. What we decide is, that the amendment was unauthorized by any prescribed rule of procedure.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. March*, for the appellant.

*J. S. Buckles*, for the appellee.

(1) See *Zehnor* v. *Beard,* 8 Ind. R. 96.