*May Term, 1858.*

GAUL
v.
FLEMING.

------------

## Gaul and Wife *v.* Fleming.

Action for slander, in charging the plaintiff with larceny. Answer, 1. Admitting the speaking of the words, and justifying. 2. Matter in mitigation of damages. Reply, denying the mitigating facts generally. There was nothing in the complaint charging special damages.

*Held*, 1. That the words being actionable in themselves, malice is presumed.
2. That the burden of the issue rested upon the defendants; and hence, they were entitled to open and close the argument.

APPEAL from the *Hamilton* Circuit Court.

HANNA, J.—This was an action by *Fleming*, a minor, who was permitted to prosecute as a poor person, against *Gaul* and wife, for words spoken by the said wife charging said *Fleming* with larceny.

*Saturday, May 29.*

The first and second paragraphs of the answer admit the speaking of the words, and justify. The third is as follows:

" The defendants, further answering the first and second paragraphs of the plaintiff's complaint, say, that before the speaking and publishing the said several words in the said paragraphs mentioned, and therein supposed to have been spoken and published by the said defendant, *Ann Gaul*, of and concerning the said *Elizabeth Fleming*, she, the said *Elizabeth*, admitted and confessed to the said *Ann Gaul* and others, that she, the said *Elizabeth*, had taken and carried away enough muslin belonging to said *Ann* to make her, said *Elizabeth*, a shirt, without the knowledge or consent of the said *Ann;* and the defendants further say that, at the time of the speaking and publishing of the said several words in said paragraphs mentioned, by the said *Ann*, she, the said *Ann*, believed the same to be true in fact, and that she declared in the presence and hearing of the same persons in whose presence and hearing said words were so spoken by the said defendant, *Ann Gaul*, as aforesaid, that she had heard and been told the same by the said *Elizabeth Fleming*," &c.

To these paragraphs of the answer, there was a general denial.

After the evidence had been heard the defendants' counsel moved the Court for leave, and claimed the right, to begin and conclude the argument to the jury. The Court overruled the motion, and permitted the plaintiff's counsel to open and close the argument. This is the only point made in the brief of appellants.

The statute upon the subject is as follows:

" In the argument, the party having the burthen of the issue, shall have the opening and closing." 2 R. S. p. 112. We are not informed by the record as to which party took the burden of the issue in producing the evidence, although we have a very similar statute, to the one above quoted, as to the introduction of testimony.

The question appears to have been first mooted at the

time the argument was to commence. Each party con-
tends that the burden of the issue rested upon them.

The paragraph quoted, in effect admits the speaking of
the words; and instead of directly denying that they were
spoken maliciously, sets up affirmative matter to show such
fact, or at least to mitigate the damages.

It is argued by the appellants that, although the first two
paragraphs of the answer directly, and the last one, thus
indirectly, admit the speaking of the words, yet it devolved
upon the plaintiff to make proof of the amount of dam-
ages sustained, under that clause of the statute which pro-
vides that, "allegations of value or amount of damages,
shall not be considered as true by the failure to controvert
them. 2 R. S. p. 44. There is nothing in the complaint
charging special damage, and the words alleged to have
been spoken, are of themselves actionable, and, therefore,
malice is presumed.

Under these circumstances, we think that, until the de-
fendant had offered evidence to sustain the affirmations in
the answer, there was no necessity for the plaintiff to pro-
duce any testimony. The general question of damage to
the character of the plaintiff, was a question for the jury.
Such character is presumed to be good. In the issues ten-
dered, the speaking of the words was admitted. Without
evidence from either side, the jury would have been pre-
pared to consider of their verdict.

Evidence to sustain a justification of the speaking, or
to mitigate the damages, must have come from the de-
fendant.

The ruling of the Court was erroneous.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*W. Garver* and *D. Moss*, for the appellants.

*D. C. Chipman* and —— *Evans*, for the appellee (1).

(1) Counsel for the appellee cited the following authorities, touching the *onus
probandi*, viz.: 2 R. S. p. 110, § 324; *Id.* p. 112, § 326; *Jackson* v. *Pittsford*, 8
Blackf. 194; *Jackson* v. *Hesketh*, 2 Stark. R. 518; 1 Greenl. Ev. § 76. Touch-
ing the open and close, they cited 2 Greenl. Ev. § 76; 2 Phil. Ev. p. 483. They
contended that the case of *Downey* v. *Day*, 4 Ind. R. 153, relied upon by coun-

sel for the appellants, is bad law upon this point, being based upon *Guy* v. *Kitchener*, cited in 2 Stark. Ev. 826, which case was overruled in *England* by the fifteen judges, in *Carter* v. *Jones*, 6 C. & P. 64. See 1 Greenl. Ev. § 76, and note 4 to the same.