May Term,
.1861.

ASHING *v.* MILES and Others.

ASHING
v.
MILES.

The party having the burden of the issue has the right to open and close the argument, and in opening must disclose all the points on which he relies, and if in the close any new point, or fact, not disclosed in the opening, be referred to, the adverse party has the right to reply thereto, and this closes the argument in the case.

Unless there be some special reason justifying it, the Court has no power to disregard the statutory rules in this respect.

APPEAL from the *Delaware* Circuit Court.

*Saturday,*
*June 8.*

PERKINS, J.—Suit for use and occupation of land. Judgment for the plaintiffs. A bill of exceptions states that "after the evidence was through, the Court limited counsel in their argument to thirty minutes on each side. Plaintiffs' counsel insisted on their right to close the argument, but refused to open it, and refused to state any point or ground, or make any argument or statement whatever to the jury before defendant's counsel made his argument. The counsel for defendant then moved the Court to compel the plaintiffs' counsel either to make his argument first, and let the defendant close the argument, or make a portion of it, or at least state the points on which he relied, before the defendant's counsel made his argument, which motion was wholly overruled. The defendant's counsel then asked the Court to permit him to divide his time of thirty minutes, so as to consume a portion of it in stating his defense, and the other portion in replying to the argument which the plaintiffs' counsel might make, which the Court refused, and ruled that whatever argument the counsel for the defendant made, must be made first, and not otherwise; to which argument the plaintiffs' counsel should reply, and such reply should close the argument to the jury. The defendant's counsel, thus compelled by the Court, addressed the jury thirty minutes. The plaintiffs' counsel followed in an argument of thirty minutes, when the defendant's counsel asked leave to reply, but the Court refused, still adhering to its former rulings, and no more argument was permitted to the jury: the foregoing being all the facts and circumstances under which the rulings stated were made."

The code prescribes the order of a jury trial. 2 R. S., p. 109. It enacts that "when the jury has been sworn, the trial shall proceed in. the following order, unless the Court, for special reasons, otherwise directs:

"*First.* The party on whom rests the burden of the issues may briefly state his case, and the evidence by which he expects to sustain it.

"*Second.* The adverse party may then briefly state his defense, and the evidence he expects to offer in support of it.

"*Third.* The party on whom rests the burden of the issues must first produce his evidence; the adverse party will then produce his evidence.

[This order would be followed, naturally, in pursuing the introduction of further evidence by the parties, so far as allowed by the court.]

"*Fourth.* When the evidence is concluded, and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered, and signed by the party or his attorney, asking the same, and delivered to the Court."

So, if the general charge of the judge is required to be in writing, the notice of the requirement must be given to the judge before the argument. Ind. Pr., p. 293. The code further provides, § 326, p. 112: "The parties may either submit or argue the case to the jury. In the argument, the party having the burden of the issues shall have the opening and closing, but shall disclose in the opening all the points relied on in the cause; and if in the closing he refers to any new point or fact not disclosed in the opening, the adverse party shall have the right of replying thereto, which reply shall close the argument in the case."

The Court below, in its rulings set forth in the bill of exceptions, disregarded this statute; and as no special reasons are shown to have existed justifying such disregard, the Court must be held to have erred. The Court undoubtedly had a discretionary power, to some extent, in controlling the argument of the cause; but a case is not shown where that discretion extended to the suspension of a statute of the State.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded for another trial.

*W. March*, for the appellant,

*J. S. Buckles*, for the appellees.