BOWEN *v.* SPEARS *et al.*

PRACTICE.—*A* sued *B* on a note. *B* interposed no general denial to the complaint, but answered by way set-off.

*Held,* That the defendant was entitled to open and close the argument on the trial, and that, the fact that the plaintiff replied affirmatively to the defendant's answer, setting up new matter, did not change the rule, because, until the defendant had proved his set-off, the plaintiff could not be required to prove any thing.

Where there are several issues in a cause, and the plaintiff is required to prove any *one* of them before he is entitled to a verdict, he is entitled to open and close.

*Semble,* That, when the defendant is entitled to the opening and close of the argument, he is also entitled to open and close the evidence, and if he waives the latter right, such waiver will extend also to the argument; but, where the record is silent on the subject, this Court will not presume· that he waived the right to open and close the evidence.

APPEAL from the *Cass* Circuit Court.

WORDEN, J.—This was an action by the appellees against the appellant, upon a promissory note, made by the latter to the *Lake Erie, Wabash and St. Louis Railroad Co.*, and indorsed by the company to the plaintiffs. Issue, trial, verdict and judgment for the plaintiffs.

The first error assigned is upon the refusal of the Court to allow the appellant the opening and closing of the argument of the cause to the jury. The record shows that such was the ruling, and this is one of the causes for which a new trial was asked. In the opinion of the Court, this was error, for which the judgment will have to be reversed.

The issues stood as follows: There was no general denial put in to the complaint. The defendant answered in three paragraphs by way of set-off, alleging an indebtedness from the railroad company to himself, which accrued before notice

to him of the assignment of the note. The plaintiff replied: 1. By denial of the set-off; and, 2. Alleging affirmative matter, viz: That the defendant and the railroad company had accounted together and settled the matters thus set up by way of off-set.

The statute provides that the party having the burthen of the issue, shall have the opening and closing of the argument. 2 R. S. 1852, p. 112, sec. 326. It is apparent that as the issues stood, the burthen was upon the defendant. If neither party had offered any evidence, the plaintiff would have been entitled to a verdict, because the cause of action was not denied, and the defence was wholly of an affirmative character. The fact that the plaintiffs, in addition to their denial of the set-off, had replied affirmatively thereto, setting up new matter, can not change the burthen, because until the defendants had proved the set-off, the plaintiffs could not be called upon to prove their special replication. But it is said that, where there are several issues, and the proof of one lies on the plaintiff, he is to begin. *Jackson* v. *Pittsford*, 8 Blackf. 194. This rule we recognize as correct. We understand it to mean that where there are several issues, and the plaintiff is required to prove any one of them, before he is entitled to a verdict, he is to begin. In the case cited, *non assumpsit* was put in, which threw the burthen upon the plaintiff and entitled him to begin. But it is claimed, that if the defendant was entitled to the opening and close of the argument, he was also entitled to proceed in the same order in respect to the evidence, and that by waiving his right to proceed in that order, in respect to the evidence, he waived also his right in that respect in reference to the argument. There is no doubt that the defendant was entitled to open and close the evidence, and if he waived that right and consented that the plaintiffs open and close the evidence, without reserving any right as to the argument, perhaps the waiver would extend also to the

argument.  But there is nothing in the record which shows that the appellant waived the right to open and close the evidence, nor that he did not exercise that right.  For aught that appears, he opened and closed the evidence.  We can not presume that the Court below deprived the appellant of a legal right, and that he acquiesced therein, and upon this presumption, base the further presumption that the appellant waived a further right.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded.

*D. D. Pratt,* for the appellant.

*W. Z. Stewart,* for the appellees.