*D. E. Williamson* and *A. Daggy,* for appellants.

*R. L. Hathaway,* for appellee.

———————◆———————

## Starr and Others *v.* Hunt and Others.

Practice.—A judgment will not be reversed on account of a harmless error, committed at the trial.

Partnership.—Burden of Proof.—To a complaint upon a promissory note purporting to have been made by a firm, A, a defendant, pleaded that when it was made he was not a member of the firm; that the partnership had been dissolved four years before, of which the payees had notice;

that the note was made by B, one of the defendants, without consideration and without his consent. Reply, a general denial.

*Held,* that A's plea, though double and inartificial, was sufficient as alleging a want of consideration.

*Held,* also, that as the burden of that issue was upon A, he had a right to maintain it by evidence.

PLEADING.—EVIDENCE.—Complaint upon a promissory note. Answer: 1. A general denial, without oath. 2. That the note was not owned by the plaintiffs, but by B and others, a firm composed of the plaintiffs and C, one of the defendants. Reply to the second paragraph, a general denial.

*Held,* that evidence was inadmissible to support the answer.

PRACTICE.—Where a party proposes to offer evidence, but the court rules that no evidence is admissible under the issues, it cannot afterward be objected that he should have stated more definitely the evidence thus proposed to be offered.

APPEAL from the *Pulaski* Common Pleas.

FRAZER, C. J.—The appellants, who were the defendants below, on the trial offered one of themselves as a witness, the record informs us, "to prove the various allegations of their joint and separate answers, and disprove those of the plaintiffs' complaint, but the court held that there was no issue raised by the pleadings upon which his testimony could be received, and thereupon excluded him." This ruling is questioned here.

The suit was upon two promissory notes, and an account stated. One of the notes was made by the defendants, *Alonzo Starr, John Rees* and *Mansfield Starr,* the other, by *Starr, Rees & Starr.* Both were payable to *A. Starr & Co.,* and indorsed by the payees in blank.

There was a joint answer by the defendants in three paragraphs: 1. A general denial to the whole complaint. 2 and 3. That the notes were not owned by the plaintiffs, but by *A. Starr & Co.,* a firm composed of the plaintiffs and the defendant, *Alonzo Starr.*

*Rees* answered separately: 1. To the first paragraph of the complaint, that, in the note mentioned therein, he and *Mansfield Starr* were sureties, and *Alonzo Starr* was principal. 2. To the second paragraph, that at the execution of the note mentioned therein, he was not a member

of the firm of *Starr, Rees & Starr*; that that co-partnership had been dissolved four years before, of which the payees had notice; that the note was executed by *Alonzo Starr* without consideration, and without the knowledge or consent of *Rees*. 3. That he did not execute the note mentioned in the second paragraph of the complaint. No part of his answer was sworn to.

*Alonzo Starr* answered separately. 1. That the note mentioned in the first paragraph of the complaint was the joint property of himself and the plaintiffs. 2. The same answer as to the note mentioned in the second paragraph of the complaint. The reply was a general denial.

There was a special finding for the plaintiffs for the amount of the two notes; and that, as to the one mentioned in the first paragraph of the complaint, *Rees* and *Mansfield Starr* were sureties. The proper judgment was rendered upon the finding, over an unsuccessful motion for a new trial. The evidence is not in the record.

It is manifest that there were issues made by the pleadings upon which evidence for the defendant might have been admissible. The paragraph upon an account stated was controverted by a general denial. The suretyship of two of the defendants, pleaded as to one of the notes, was denied by the plaintiffs. But, inasmuch as these issues were found for the defendants, as to them the error, if any, was harmless, and therefore not available here.

The second paragraph of *Rees's* separate answer, though double, and altogether a pleading very unprofessionally framed, must nevertheless be deemed sufficient, as alleging the want of any consideration for the note which it mentions. The burden of that issue was upon *Rees*, and he had a right to maintain it by evidence. *Shank* v. *Fleming*, 9 Ind. 189; *Messmore* v. *Vanpelt*, 15 *id.* 138. The evidence ought, therefore, to have been admitted. But *Rees* only pleaded a want of consideration, and inasmuch as the other defendants had not, we think, any answer in under which the evidence was admissible, and on account of the refusal

of which the case could be reversed, and as they were not injured by the finding for the plaintiffs of the issues made upon *Rees'* separate answers, it follows that there can be no reversal of the judgment rendered against them. It remains then only to inquire whether it can be reversed as to *Rees* alone.

It is argued that he should have stated more definitely the evidence proposed to be offered. Ordinarily this might be so. But why so in this case, when the court had determined that no evidence was admissible in his behalf under the issues? To have then offered evidence, particularly stated, would have been to wrestle with the decision already made by the court, and would, as *Rees* had a right to assume, have but called for a repetition of the decision already made. A rule requiring such contemptuous persistence by a party, in order to get the point upon the record, would be a technical absurdity.

The judgment against *Rees* is reversed with costs, and as to him the cause is remanded for a new trial. As to the other appellants, the judgment is affirmed, with one per cent. damages and costs.

*D. D. Pratt* and *D. P. Baldwin*, for appellants.

*T. J. Merrifield*, for appellees.