FETTERS *v*. THE MUNCIE NATIONAL BANK.

BILL OF EXCHANGE.—*Accommodation Indorser.—Application of Paper to Particular Purpose.*—A bill of exchange was indorsed for accommodation, to enable one to raise money, in the application of which the indorser had no interest; and he for whose accommodation it was indorsed, instead of so using the bill, used it to pay a pre-existing debt.

*Held,* that such appropriation of the bill did not release said indorser from liability on the bill in the hands of one who had received it with notice of these facts.

SAME.—*Blanks.*—Where a bill of exchange has been drawn, accepted, and indorsed, with blanks for the date, amount, and time, and in this condition delivered to one to whom the drawer was at the time indebted, or to whom the drawer and acceptor were indebted, to be used in renewal of paper formerly given for such indebtedness, with direction to such creditor to fill up said blanks with the proper date, amount, and time, when said former paper should become due, an accommodation indorser will not be released from liability on said bill by the fact that when said former paper became due and said blanks were thereupon filled by said creditor, said drawer and acceptor, solvent at the

time the bill was drawn, accepted, and indorsed, had become insolvent, of which the creditor had notice when he filled said blanks.

PRACTICE.—*Open and Close.*—Whenever it devolves upon the plaintiff to make any proof as to the facts necessary to make out his case, or as to the amount which he ought to recover, he has the right to open and close the evidence and the argument.

APPEAL from the Delaware Common Pleas.

DOWNEY, J.—This action was brought by the appellee against one Oakerson and the appellant, on a bill of exchange, dated April 24th, 1867, drawn by Henry Jacobs on Oakerson & Co., in favor of Stephens, accepted by Oakerson & Co., and indorsed by Stephens and the appellant. There was a stipulation in the bill to pay all attorneys' fees, and the costs and charges for the collection of the bill; and it is alleged that a reasonable attorney's fee would be two hundred dollars.

Oakerson made default. After a demurrer to the complaint by the appellant, which was overruled, an answer in abatement and a demurrer thereto, which was sustained, concerning none of which is there any complaint here, he answered in five paragraphs, to each of which there was a demurrer, which was overruled. The plaintiff replied in five paragraphs. There were demurrers to the third, fourth, and sixth paragraphs of the reply, which were overruled.

There was a trial by the court, and finding and judgment for the plaintiff. At the proper time, the defendant demanded the right to open and close, which was denied him.

There was a motion for a new trial for the following reasons: first, the court erred in permitting the entry from the books of the plaintiff to be read in evidence over defendant's objection; second, in giving the opening and close of the evidence and argument to the plaintiff; third, the damages are excessive; fourth, the finding of the court is contrary to the law and evidence.

This motion was overruled, and the defendant excepted. The bill of exceptions does not set out all the evidence, but does show that the defendant, at the proper time, demanded

the open and close; that his demand was refused, and the open and close awarded to the plaintiff.

The defendant, the appellant, now assigns for error: first, the denial of the right to open and close; second, overruling the motion for a new trial; third, overruling the demurrers to the third, fourth, and sixth paragraphs of the reply.

The question with reference to the overruling of the demurrers to the paragraphs of the reply was properly reserved by exception.

The appellant was an accommodation indorser of the bill of exchange on which this action is brought, and the answer and reply present the question whether it is a good defense for an accommodation indorser to show that he indorsed the bill to enable the party for whom he indorsed to raise money, and that instead of using it for that purpose, he used it in payment of a pre-existing debt, the party receiving it and afterwards suing on it having notice of that fact, but the indorser having no interest in the application of the money.

In reason, there would seem to be but one answer to this proposition, and that is, that as the party who sells the bill, and who in this case was the party for whose accommodation it was indorsed, on receipt of the money would be the absolute owner thereof, and have the power to do what he pleased therewith, and might use it at once to pay the pre-existing debt, it could make no material difference to the accommodation indorser whether the bill was transferred for money or in renewal of the paper for the previous indebtedness. There is no allegation in the answer that the party negotiating the bill was to apply the money to any purpose or object, in its application to which the indorser had any interest whatever.

We are referred by the counsel for the appellant to 2 Parsons on Notes and Bills, 27, where he says, "If, however, the accommodation is given for a particular purpose, and that is known to the holder of the paper at the time he takes it, a misappropriation of the paper would release the party giving the accommodation from all responsibility." We have examined,

carefully, the authorities referred to by the author in support of this general statement, and find that they would not justify its application to this case.

Where there is no limitation or restriction as to the manner in which an accommodation note or bill is to be used, the payee has a right to apply it to the payment or security of an antecedent debt, or to sustain his credit in any other way. *Cole* v. *Saulpaugh*, 48 Barb. 104; *Schepp* v. *Carpenter*, 49 Barb. 542.

The accommodation party must have some interest in the application of the money, otherwise he is not in a condition to contend successfully that there has been a misapplication of it, or of the security on which it was to be raised. *Purchase* v. *Mattison*, 6 Duer, 87; *De Zang* v. *Fyfe*, 1 Bosw. 335; *Moore* v. *Ward*, 1 Hilton, 337.

Another question presented by the answer and reply is this: Jacobs, or Jacobs and Oakerson, owed a debt to the bank, and the bill on which this suit was brought was drawn, accepted, and indorsed, with blanks for the date, amount and time it should run, while Jacobs and Oakerson were solvent, and in this condition was left with the bank to be used in renewal of the former paper, with directions to the cashier of the bank, when the former paper matured, to fill up the new bill, so deposited with the bank, with the proper date, amount, and time. But before the time arrived when the new bill was thus filled up, Jacobs and Oakerson had become insolvent, and Jacobs had left the State. It is alleged in the answer, that the bank knew of the insolvency of these parties, &c., when the bill on which this suit is brought was filled up. This, however, is denied by the bank. We do not think that these facts constituted any defense. The bank had acquired an interest in the paper when it was deposited with her to be used in renewal of the former paper, which could not be affected by the subsequent insolvency of Jacobs and Oakerson.

It is objected to the fourth paragraph of the reply, that it departs from the complaint. But we think the position can-

not be maintained. It proceeds upon the supposition that the defendant had been discharged from liability on the bill, and that it was attempted to make him liable by matter occurring afterwards. But as we have seen that he was not discharged by reason of anything which had occurred, the objection will not hold good.

There is one other question in the record, and that relates to the right to open and close. Each party claimed it, and the court awarded it to the plaintiff.

It is not to be denied that the decisions of this court are somewhat inharmonious on this point. In this case, a part of the cause of action was the amount of the attorneys' fees, which the parties to the bill had stipulated to pay, which, it was alleged, were reasonably worth two hundred dollars. Notwithstanding the paragraphs of the answer were special, and no general denial was in, the statute itself controverts the amount of damages, by declaring that allegations of value or amount of damages shall not be considered as true by the failure to controvert them. 2 G. & H. 100, sec. 74. We think that whenever the plaintiff has any proof to make, either as to the facts necessary to make out his case, or as to the amount of damages which he ought to recover, that he has a right to open and close. We cannot well see at what other stage of the case the evidence of the plaintiff as to the measure of his damages can properly come in. Would the court allow the defendant to give his evidence in support of his answer, and then go back and allow the plaintiff to prove his damages? This would seem not to be the natural and orderly mode of proceeding with the trial.

If this opinion, on this point, differs from the opinion on the same question in *Judah* v. *The Trustees of the Vincennes University*, 23 Ind. 272, that opinion must be, to that extent, regarded as modified by this.

The judgment is affirmed, with one per cent. damages and costs.

*W. March* and *W. Brotherton*, for appellant.

*C. E. Shipley* and *T. M. Browne*, for appellee.