*L.* and *W. O. Sexton,* for appellant.

*J. Brown* and *R. L. Polk,* for appellees.

---

HAMLYN ET UX. *v.* NESBIT, Adm'r.

DECEDENTS' ESTATES.—*Appeal.*—Section 189 of the act for the settlement of decedents' estates is in force, except so far as it authorizes a writ of error. The party aggrieved has his election to appeal from the common pleas court to the circuit court, in any matter connected with the decedent's estate, or

Hamlyn *et ux. v.* Nesbit, Adm'r.

under section 550 of the code, to the Supreme Court. If appealed to the circuit court, the case is tried *de novo*, and if there are issues of fact, they may be tried by a jury.

SAME.—*Trial.*—*Burden of Issue.*—Where the administrator had reported, and exceptions were taken to his report, and the administrator charged that the decedent had made unequal advancements to the heirs, and this was denied, and an appeal was taken to the circuit court;

*Held*, that the administrator was entitled to have the open and close on the trial.

SAME.—*Witness.*—*Evidence.*—The administrator is a competent witness on such trial. The wife of one of the co-plaintiffs, the real party in interest, cannot be a witness. Nor can the declarations of the ancestor, made long after the supposed payment or advancements to his children, be proved for the purpose of establishing the fact that such payments or advancements were made.

APPEAL from the Franklin Circuit Court.

BUSKIRK, J.—In 1863, letters of administration on the estate of Thomas Nesbit, Sr., deceased, were granted to James Nesbit and Thomas Nesbit, Jr., by the common pleas court of Franklin county. Proceedings were continued in said court up to 1867, when a citation issued requiring the administrators to appear and settle. Prior to the issuing of the citation, the administrators had filed in the clerk's office their first account current, and after the issuing of said citation, they filed their final account current and final settlement of said estate.

The appellants, Hamlyn and wife, she being a daughter and heir of the decedent, appeared in the court of common pleas and filed exceptions to the accounts. Issues were formed on the exceptions, and were heard and tried by the court, and resulted in a finding that there was still due Mrs. Hamlyn five hundred and twelve dollars and seventy-five cents, which the administrators were required to pay. The court overruled a motion for a new trial, and rendered a judgment on the finding. The administrators appealed the case to the circuit court. In the circuit court, the appellants moved to dismiss the action for the reason that that court had no jurisdiction of the case, which motion was overruled, and an exception was taken. The circuit court retained jurisdiction of the cause, and it was tried *de novo* and by a jury, resulting in a general and special verdict. The appel-

lants moved for a new trial, which was overruled, and final judgment was rendered on the verdicts. It should be noted that Thomas Nesbit, Jr., one of the administrators, appeared in the circuit court and filed a paper to the effect that he was satisfied with the judgment of the common pleas court; that he had not taken an appeal, or authorized an appeal to be taken in his name, and that he desired the appeal to be dismissed, so far as he was concerned. Thereupon, the appeal was dismissed as to him. The appellants have assigned eight errors. The first one is based upon the action of the circuit court in overruling the motion of the appellants to dismiss the action for the want of jurisdiction.

Did the circuit court have jurisdiction of the cause?

It is claimed that section 189 of the act for the settlement of decedents' estates gave the appellee an appeal from the common pleas to the circuit court, and conferred jurisdiction on the latter court. That section reads as follows:

"Sec. 189. Any person considering himself aggrieved by any decision of a court of common pleas growing out of any matter connected with the decedent's estate, may prosecute a writ of error or appeal to the circuit or Supreme Court, upon filing with the clerk of such court of common pleas, a bond with penalty in double the sum in controversy, in cases where an amount of money is involved, or where there is none, in a reasonable sum, to be designated by such clerk, with sufficient surety, payable to the opposite party in such appeal, conditioned for the diligent prosecution of such appeal, and the payment of all costs, if costs be adjudged against the apppellant."

It is claimed by the appellants that the above quoted section was repealed, by implication, by section 550 of the code. 2 G. &. H. 269.

Section 550 reads as follows: "Writs of error are hereby abolished. Appeals may be taken from the courts of common pleas and the circuit courts, to the Supreme Court, by either party, from all final judgments, except in actions originating before a justice of the peace, or mayor of a

Hamlyn *et ux. v.* Nesbit, Adm'r.

city, where the amount in controversy, exclusive of interest and costs, does not exceed ten dollars. The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon."

This presents for our decision the naked question of whether section 189 of the act for the settlement of decedents' estates was repealed, by implication, by the subsequent passage of the code. The law does not favor the repeal of statutes by implication, but requires clearly repugnant language to effect the repeal.

This court, in *Simington* v. *The State,* 5 Ind. 479, in discussing the question of repeal by implication, uses this language: "Where the words in the different sections or acts are susceptible of a construction which would carry out the spirit of the law, and both be permitted to stand, the rules of construction may be profitably used; but where the language is so repugnant as necessarily to destroy the meaning of one of the provisions, that which is last enacted must prevail."

The precise question, in principle, which is under consideration, was involved in the case of *Henry* v. *Henry,* 13 Ind. 250. Sec. 43 of the act providing who may make a will, etc., gave an appeal from the common pleas to the circuit court. It was maintained that the above section was repealed by the adoption of the code. The court say: "It is also claimed that the provision in question is repealed by the general law, passed subsequently, authorizing appeals to the Supreme Court from the common pleas and circuit courts. 2 G. & H. 269. This position, we think, is not tenable. There is no inconsistency in these statutes. They may both stand and have full effect. The act concerning wills provides, that 'any party aggrieved by the decision of such court' (of common pleas) 'may appeal therefrom to the circuit court of the proper county,' etc. The other provides, that 'appeals may be taken from the courts of common pleas and the circuit courts to the Supreme Court, by either party, from all final judgments, except,' etc.

Hamlyn *et ux. v.* Nesbit, Adm'r.

"Here is nothing limiting or taking away the right of appeal from the common pleas to the circuit court, in cases of contest of wills. Under these provisions, a party in such case may appeal either to the circuit or Supreme Court in all cases of final judgment."

The principle enunciated in the above case applies to the case under consideration. The cases, in principle, are identical. The same rule of construction should apply to both. We are, therefore, of the opinion, that the passage of the code did not repeal by implication section 189 of the act for the settlement of decedents' estates.

Section 550 of the code, in express terms, abolishes "writs of error." This repeals, by implication, so much of section 189, as gives the right to prosecute a writ of error. There is a clear repugnancy between the two. The party aggrieved has the election to appeal to the circuit court, under section 189 of the act for the settlement of decedents' estates, or to appeal to the Supreme Court under section 550 of the code. 2 G. & H. 269.

It is also insisted that the court erred in trying the case *de novo*. It is claimed that if a right of appeal existed to the circuit court, that court should act as a court of error. In other words, that the case in the circuit court should have been decided upon errors assigned in the record. We think otherwise. There is no law conferring upon the circuit court revisory jurisdiction. Section 189 was evidently enacted in view of existing laws. Section 20 of the act creating the court of common pleas provides, that "all appeals, whether in civil or criminal cases, shall stand for trial in the circuit court on the papers and pleadings filed by the parties in the common pleas; *Provided*, that either party may amend on such terms as to costs, as the law or the rules of such circuit court may prescribe."

It was held by this court in *Weatherly* v. *Higgins*, 6 Ind. 73, that "it was evidently the intention of sec. 20, p. 19, 2 R. S., that such appeals should stand for trial on their merits in the circuit court."

Hamlyn *et ux. v.* Nesbit, Adm'r.

The above section was repealed by acts of 1853, p. 48, but the law creating the court of common pleas was approved May 14th, 1852, and was consequently in force when section 189 was passed.

In our opinion, the court committed no error in trying the case on its merits.

It is also contended that the court erred in holding that the appellee had the right to demand a trial by jury, and in permitting a trial by jury.

The administrators filed their account current and final settlement sheet. The appellants filed exceptions to the confirmation of the final settlement sheet, and demanded of the court to have the same corrected in six particulars. First, that their charge for services was excessive; second, that the sum paid to their attorney was too much; third, that they had failed to charge themselves with all the money they had collected from T. A. Goodwin; fourth, that they had failed to account for certain personal property; fifth, that they had not accounted for all the money they had collected from Francis Kirk; sixth, that they had claimed credit for money paid for taxes on the estate, that should have been paid by them as individuals.

The administrators answered in five paragraphs. The first being the general denial; the second was stricken out on motion, and a demurrer was sustained to the fifth. The appellants replied by a denial to the third and fourth paragraphs.

The appellants also asked and obtained an order from the court requiring the administrators to make and file an exhibit, showing the basis and manner in which they make distribution among the heirs. The administrators filed the exhibit in which they charged that the decedent had made advancements to his heirs in unequal proportions. This was denied by the appellants. There was involved in the case the liability of the estate to pay certain claims, whether the administrators had failed to charge themselves with certain sums of

money and articles of personal property, and the question of advancements to the heirs.

Section 188 (2 G. & H. 535) of the act for the settlement of decedents' estates provides, that "trials by jury shall be allowed at the request of any party in all cases where there is an issue of fact; and in any such case, the court shall direct the sheriff to summon a jury of twelve householders of the county, unless the party demanding a jury consent to a less number; and in all such trials, such court and jury shall be governed by the same regulations, not inconsistent with this act, as are provided in the case of trials in the circuit court."

See *Lake Erie, etc., R. R. Co.* v. *Heath,* 9 Ind. 558; *Shaw* v. *Kent,* 11 Ind. 80; *Clem* v. *Durham,* 14 Ind. 263; *Cowgill* v. *Wooden,* 2 Blackf. 332.

It is quite clear to us, that either of the parties had the right to demand a trial by jury, and that the court committed no error in permitting the "issues of fact" to be tried by a jury.

It is also maintained by the appellants, that the court erred in deciding that the burden of the issue was upon the appellee, and that he had the right to begin and close the evidence, and the right to open and close the argument.

The final settlement of the accounts of executors and administrators is considered *prima facie* correct. *Ray* v. *Doughty,* 4 Blackf. 115. The appellants filed their exceptions against the report of the administrators, in which they charged that the same was incorrect in several respects. These allegations were denied by the administrators. The administrators also charged that the decedent had made unequal advancements to his heirs. This was denied by the appellants. Two issues were formed. The burden of the issue was upon the appellants in the first issue, and upon the appellee on the second.

The general rule is, that the party on whom the affirmative of an issue lies has the right to begin and conclude. *Kimble* v. *Adair,* 2 Blackf. 320; *Marquis* v. *Rogers,* 8 Blackf. 118; *Jackson* v. *Pittsford,* 8 Blackf. 194; *Burroughs* v. *Hunt,*

13 Ind. 178; *Hannum* v. *Curtis*, 13 Ind. 206; *Ashing* v. *Miles*, 16 Ind. 329; *Starr* v. *Hunt*, 25 Ind. 313. The right to open and close belongs to the party upon whom rests the burden of proof. *Hand* v. *Taylor*, 4 Ind. 409; *Moore* v. *Allen*, 5 Ind. 521; *Gaul* v. *Fleming*, 10 Ind. 253; *List* v. *Kortepeter*, 26 Ind. 27.

Where there are several issues, and the proof of one of them lies on the plaintiff, he is to begin. *Jackson* v. *Pittsford*, 8 Blackf. 194; *Bowen* v. *Spears*, 20 Ind. 146.

Where the plaintiff is required to introduce any evidence to establish his right to a judgment, or to show how much he should recover beyond a mere nominal amount, he is entitled to open and close. *The City of Aurora* v. *Cobb*, 21 Ind. 492; *Fetters* v. *The Muncie National Bank*, 34 Ind. 251.

A majority of the court are of the opinion, that in the case under consideration, the administrators were required to establish the correctness of their report, in respect to such matters as were embraced in the exceptions filed by the appellants, and that this placed the burden of the proof on them, and gave them the right to begin and conclude the evidence, and to open and close the argument.

The writer of this opinion is constrained to differ with his brethren on this point. The administrators were charged with the performance of important public duties. They acted under oath. They were required to submit to the court their report, under oath, accompanied by the vouchers, as evidence of the disbursements made by them out of said estate. This duty they performed. The appellants filed exceptions to the confirmation of such report. The appellants admitted that the report was correct, except in reference to those matters which were charged to be incorrect. The administrators having filed their final account, under oath, and accompanied the same with vouchers evidencing the correctness of their disbursements, the writer is of the opinion that if the appellants had failed to offer proof impeaching the correctness of the report, and sustaining the truth of their exceptions,

it would have been the duty of the court to have approved and confirmed the report. This would have conformed to the pleadings. The appellant filed exceptions. The appellee filed an answer, to which the appellant replied.

It is the opinion of the writer that this is no longer an open question in this court. The precise question, in his opinion, involved here was decided by this court in *The Evansville and Crawfordsville R. R. Co.* v. *Miller,* 30 Ind. 209. That was a proceeding to condemn lands for public use. The damages were assessed, as provided by the charter of the company. Miller, being dissatisfied with the amount allowed him, filed his exceptions and took the case to the circuit court for review, as provided in the charter, where he demanded a jury trial, which was granted. He demanded, and the court granted him, the right to begin and conclude the evidence, and to open and close the argument. On appeal here, this was assigned for error. This court held that the lower court had committed no error; that the burden of the issue rested on Miller; and that he was bound to make good his exceptions.

Can there be any greater force or validity in the report of the appraisers than there is in the report of the administrators? There can be no presumption indulged in favor of the correctness of the report of the appraisers, that will not apply with as great force to the report of the administrators, made under oath, and supported and sustained by the vouchers filed and constituting a part thereof.

It is also claimed by the appellants, that the court erred in permitting the administrators to testify as witnesses on the trial of the cause. We do not think so. We do not think that this comes within either the letter or spirit of the law. The proviso relied upon is as follows: "Provided, that in all suits where an executor, administrator, or guardian is a party in a case where a judgment may be rendered either for or against the estate represented by such executor, administrator, or guardian, neither party shall be allowed to testify

as a witness,unless required by the opposite party, or by the court trying the cause, except," etc.

The object of this proviso was to protect the estates of decedents from unjust demands on the part of the living. The mouth of the decedent being closed by death, the law closes the lips of the living.

The principal question involved in the case under consideration affected the distribution of the surplus. There could not have been a judgment either for or against the estate. We entirely approve of the construction placed upon the above proviso by this court in *Shaffer* v. *Richardson's Adm'r*, 27 Ind. 122.

This case does not come within the spirit of the above proviso, for the reason that nearly all of the disputed questions of fact occurred subsequent to the death of the decedent, and the testimony of the parties was not, therefore, subject to the objection that the living was swearing against the dead.

We are of the opinion that the court committed no error in permitting the parties to testify.

It is also claimed by the appellants, that the court erred in excluding James Hamlyn as a witness, on the ground that he was the husband of his co-plaintiff, Nancy Hamlyn, who was the real plaintiff in this proceeding.

According to the ruling of this court, in the well considered case of *Rush* v. *Megee*, 36 Ind. 69, he was incompetent, and the court committed no error in excluding his evidence.

The next error relied upon by the appellants is, that the court erred in overruling the motion of the appellants to suppress the deposition of Daniel Port. No objection to the deposition was pointed out in the court below, or in this court. The ruling of the court is presumed to be correct.

It is also claimed that the court erred in permitting James Nesbit, the appellee, to testify to declarations made by the decedent, in regard to payments or advancements made by him to his children, long after the said payments or advancements were said to have been made.

We do not deem it necessary to enter into any extended examination of the law on this point, for the reason that we are of the opinion that this court, in the well considered case of *Woolery* v. *Woolery*, 29 Ind. 249, laid down the correct rule on this subject; and upon another trial, the court can determine the question of the admissibility of evidence on this point, in accordance with the ruling in the above case.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

*C. C. Binkley,* for appellants.

*H. C. Hanna* and *F. Swift,* for appellee.