No. 8188.

KIRKPATRICK v. ARMSTRONG ET AL.

PRACTICE.—Open and Close.—Principal and Surety.—In an action against a principal and his surety upon an obligation which showed on its face the suretyship, the principal answered by a general denial, and the surety by pleas in confession and avoidance only.

Held, that the plaintiffs were entitled to open and close. The general rule is, that the open and close belongs to the one who in order to prevail must offer proof; to the plaintiff, if upon any issue joined upon his complaint he has the burden of proof.

SAME.—Pleading.—In such action an answer by the principal enures to the benefit of the surety.

From the Howard Circuit Court.

Kirkpatrick v. Armstrong et al.

*N. R. Linsday* and *T. A. DeLand*, for appellant.
*R. Vaile* and *J. F. Vaile*, for appellees.

WOODS, J.—The appellant insists upon a single cause for a new trial, namely, that the court erred in denying him the open and close of the evidence and argument upon his separate defence.

The action was against the appellant and one Giles, for the breach of a contract, which was pleaded as the basis of the complaint and which purported to have been executed by Giles as the principal obligor, and by the appellant as surety. The defendants each appeared and answered separately, Giles by a general denial, and the appellant by pleas in confession and avoidance.

Upon these issues the plaintiffs clearly had the burden of proof and were entitled to the open and close. It is apparent on the face of the complaint that the appellant was bound as surety only, and, there being no claim that his principal was not bound by the contract, on account of infancy or other personal ground of defence, the appellant could be liable only to the same extent as the principal obligor. It follows that the answer of Giles enured to his benefit. It made an issue in his favor, the burden of which was on the appellees. *Sutherlin* v. *Mullis*, 17 Ind. 19 ; *Mullendore* v. *Silvers*, 34 Ind. 98 ; *Stapp* v. *Davis*, 78 Ind. 128. See, also, *Rose* v. *Comstock*, 17 Ind. 1.

Under the general rule, that the open and close belong to the party which must offer evidence in order to prevail, the plaintiff has that right, if proof is necessary in reference to any issue joined upon his complaint, or in reference to the amount of his recovery. *Heilman* v. *Shanklin*, 60 Ind. 424 ; *Jackson* v. *Pittsford*, 8 Blackf. 194 ; *Zehner* v. *Kepler*, 16 Ind. 290 ; *Judah* v. *Trustees of Vincennes University*, 23 Ind. 272 ; *Bowen* v. *Spears*, 20 Ind. 146 ; *Fetters* v. *Muncie Nat. Bank*, 34 Ind. 251 ; *Hamlyn* v. *Nesbit*, 37 Ind. 284 ; *Williams* v. *Allen*, 40 Ind. 295.

Judgment affirmed, with costs.