Prrkins, J.—
Tarlton Moorman filed a bill in chancery in the Randolph Circuit Court against the nine heirs of Christian Foust, deceased, praying partition of the lands descended from said Foust to those heirsi His right to claim *18 partition is based upon sheriff’s deeds for the shares of two of said heirs, Lewis and James Foust, which deeds recite that said Moorman became the purchaser of those shares, at sheriff’s sale, on the 27th of June, 1840. The Court below decreed partition, and Christian Foust, one of said heirs, appeals to this Court, and insists:
1. That Moorman, claiming title by virtue of a sheriff’s sale and deed, and never having taken actual possession of the land, cannot maintain a bill for partition.
“ But actual possession is not essential in such a case, provided the party is not legally disseized. Monroe v. Walbridge, 2 Aik. 410. And for this purpose a distinction is recognised between the mere possession of the plaintiff’s share by a third person, or by the defendant, and a legal disseizin.” Clapp v. Brougham, 9 Cowen, 556. — Barnard v. Pope, 14 Mass. 434. If, indeed, the party is effectually disseized, even by a co-tenant, he is then barred of this remedy, because they no longer hold the estate together. Co. Lit. 167. — 5 Cow. Dig. 166.— Hawley v. Loper, 18 Vt. R. 320.
2. Foust insists that the sheriff’s sales were void on account of the adverse possession, at the time, of the execution-defendants, and their co-tenants, and that, hence, Moorman has no title.
But the possession of execution-defendants is not adverse. Varick v. Jackson, 2 Wend. 166. — Snowden v. McKinney, 7 B. Mon. 258.
3. Long before the sheriff’s sales in question, Lewis and James Foust had sold their respective shares to said Christian Foust, received their pay for them, and executed to him title-bonds therefor; and it is insisted that Moorman had notice of this equitable title, at and before his purchases.
He had not notice by the possession of Christian, for said Lewis and James continued in possession as formerly, from the time of then1 sales to him, till after the sales by the sheriff to Moorman.
But one witness swore to positive notice, and as to him, aside from some unfavorable circumstances developed in *19 Ms examination, touching Ms credibility, six witnesses swore that his character for truth and veracity was five that they would not believe Mm on oath; none that his character was good; and but one that he could believe him on oath. Young Moorman, it is true, testifies to a conversation between his father, the plaintiff below, and Foust, touching those bonds, but that conversation is not shown to have occurred prior to Moorman's purchases and payment of the purchase-moneys. Beyond the statements of the two foregoing witnesses, the proof is confined to rumors. But, per Story, Justice, in Flagg v. Mann, 2 Sumner, 486, “ Vague reports and rumors from strangers are not a sufficient foundation with which to charge a purchaser with notice of a title in a third person. See Sugden on Vendors, c. 17, p. 730, (7th edit.). — Hawes v. Wiswell, 8 Greenleaf’s R. 98. And I tMnk that Lord Hardwicke stated the true doctrine, when, in Hine v. Dodd, 2 Atk. R. 276, he said, that there ought to be clear, undoubted notice; and that suspicion of notice, though a strong suspicion, is not sufficient to justify the Court in breaking in upon an act of parliament; or (as I would add) upon the legal rights of a purchaser.”
Notice, then, is not established. The evidence, considered within itself, does not preponderate in favor of it. And when it is considered that Moorman, in answer to a cross bill in the cause, by Foust, solemnly denied notice under oath, the point is clear beyond doubt. In Flagg v. Mann, supra, it is said by the justice before quoted: “ And 1 cannot but think the doctrine of Lord Hardwicke in Hine v. Dodd, 2 Atk. R. 276, which was so fully approye'd in Jollard v. Stainbride, 3 Ves. R. 478, and Eyre v. Dolphin, 2 B. and Beatt. R. 301, and was acted upon by the Supreme Court of New York, Jackson v. Given, 8 Johns. R. 137, 140, affords a very important lesson to all judges not to place much reliance upon the testimony of loose conversations or confessions of the party to over-balance his solemn denial of notice on oath in Ms answer. See also, Butcher v. Stapely, 1 Vt. R. 363. — Sug. on Vend. *20 730, 7th edit. — Powell on Mortgages, by Coventry and Rand, 562, note.”
J. Smith and B. McClelland, for the plaintiff.
D. Kilgore, for the defendants.
4. It is insisted that the title is in dispute, and that, hence, the case should have been sent to a trial at law.
But here, again, authority is directly in point against the appellant. In Coxe v. Smith, 4 John. Ch. R. 271, the Chancellor says: “ When the legal title is disputed, the course has been to send the plaintiff to law to have that title established before he comes here for partition. Wilkin v. Wilkin, 1 John. Ch. R. 111. But when the question arises upon an equitable title set up on the part of the defendants, this Court must decide the title, for equitable titles belong peculiarly to this Court, and the parties cannot be sent to law.”
It is thus in the case before us.

Per Curiam.

The decree is affirmed with costs, &c.