DODDS *v.* TONER.

*A.* conveyed to *B.* a tract of land by deed of warranty. At the time of *B.'s* purchase, there was a school-house on a part of the premises then occupied by a school; *B.* was also informed that the ground on which the school-house stood was held by the school-district under a conveyance from the owner of the land, but that there was a question about the validity of the conveyance. *Held,* that *B.* was not entitled to any deduction from the purchase-money, by way of damages, on account of the location of the school-house on the premises.

ERROR to the *Shelby* Circuit Court.

PERKINS, J.—This was a bill to foreclose a mortgage on a failure of the mortgagor to pay an instalment of the money secured by it which had become due.

The mortgagor set up in his answer that he purchased the land mortgaged—near 360 acres—of the mortgagee, and received from him a deed of warranty; that said mortgage was given to secure a balance of the purchase-money for the land, and that there was a deficiency in the quantity called for by his deed of upwards of an acre, in addition to three quarters of an acre of the tract actually embraced within the boundaries given in the deed, to which the seller, the mortgagee in this case, had no title, the same having been theretofore conveyed to a certain school-district, and being then actually occupied by a school-house in which a school was taught; thus producing an aggregate deficiency of over two acres. He did not ask a rescission of the purchase on account of this deficiency, but a deduction from the purchase-money. He also claimed a large amount of damage on account of a school-house being in so close proximity to him.

The depositions of many witnesses were taken, some of whom testified that the school-house was a great damage to the farm; some, that it was none; and some, that it was a positive benefit to it. It was proved, however, that the school-house was built and occupied by a school when *Dodds* purchased; that he was informed that the ground it stood on was held by the district under a conveyance from a former owner of the land, but that

May Term,
1852.

there was a question about the validity of that convey-ance.

The Court made a deduction from the instalment due, for the deficiency of the two acres and a fraction of land, at the rate per acre paid for the farm, and rendered a decree for the payment of the balance; or, in default of payment, a sale of a part of the land mortgaged, which, it was ascertained by the report of a master in chancery, could be sold without injury to the remainder. The defendant below brings a writ of error to this Court.

The purchaser of the farm was entitled to no deduction from the purchase-money in this case by way of damages on account of the location of the school-house, as he purchased with notice of its existence, location, and the condition of the title to the ground on which it stood. Whether he was entitled to any deduction or not on account of the small deficiency in quantity of the land, we need not inquire; as we are satisfied he was granted all he could have obtained, in any event, under the evidence, and the opposite party makes no complaint.

*Per Curiam.*—The decree is affirmed, with 1 *per cent.* damages and costs.

*A. A. Hammond* and *H. O'Neal*, for the plaintiff.

*J. Morrison* and *S. Major*, for the defendant.