McGill *v.* Doe on the demise of McCall.

Sections 181, 182, and 183, R. S. 1843, p. 447, operated immediately upon existing trust estates.

They affected no substantial property interest; but practically, they simply authorized a recovery by ejectment of property before recoverable only in chancery.

They affected the remedy only, without reaching to substantial rights; and they were liable to no constitutional objection.

A town lot was conveyed to *A.* as the trustee of *B.*, with words of grant and the *habendum* to *A.*, for and on behalf of *B.*, his heirs and assigns forever. *A.* as such trustee conveyed to *C. D.* was in possession under *C. B.* died, and the interest of his heirs in the lot was sold under a decree of Court to *E.*, who brought ejectment against *C.* then in the adverse possession of the lot.

*Held,* 1. That as against *A.*, or any purchaser from him with notice, the statute conveyed a legal title, and the action would be sustainable.

2. That *C.* was a purchaser with notice.

3. That judicial sales are not affected by adverse possession, nor are they within the policy of the champerty law.

ERROR to the *Knox* Circuit Court.

Perkins, J.—Ejectment by *Doe* on the demise of *McCall* against *McGill*, for lot No. 379, in *Vincennes.* Recovery by the plaintiff. The suit was in 1852. The facts in the case upon which the questions of law arose are, briefly, these:

In *November*, 1829, *Lewis Robinot* conveyed the lot in question to "*John Wise*, trustee for and on the part of *Thomas F. McCall*," for the consideration of 300 dollars, paid by "said *Wise* as trustee for said *McCall*," the grant being to *Wise*, trustee for and on behalf of said *Thomas F. McCall*, his heirs and assigns forever; *habendum* to *Wise*, for and on behalf of *McCall*, his heirs and assigns forever. In *September*, 1843, "*John Wise*, trustee of *Thomas F. McCall*," executed a deed for the lot to *Moses Knight*, then in possession. *McGill*, the defendant below, was in possession under *Knight.* *Thomas F. McCall* died in 1849, aged about twenty-three years. In 1850, the interest of his heirs in lot 379, was sold under a decree of the Probate Court, *McCall*, on whose demise this suit was brought,

being the purchaser. *Knight* was then in the adverse possession of the lot.

In the code of 1843, which came into force in 1844, at p. 447, ss. 181, 182, 183, it is enacted that—

" Sec. 181. Every disposition of lands, whether by deed, devise, or otherwise; shall be directly to the person in whom the right to the possession and profits shall be intended to be invested, and not to any other, to the use of, or in trust for, such person; and if made to one or more persons, to the use of, or in trust for, another, no estate or interest, legal or equitable, shall vest in the trustee, except as provided in the 183d section of this chapter.

" Sec. 182. Every person who, by virtue of any deed, conveyance, assignment, or devise, shall hereafter be entitled to the actual possession of lands, and the receipt of the rents and profits thereof, in law or in equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest.

" Sec. 183. The last two preceding sections shall not divert the estate of any trustees in any trust, when the title of such trustees is not merely nominal or formal, but is connected with some power of actual disposition or management in relation to the lands which are the subject of the trust."

We think the operation of these provisions of the statute was immediate, and operative upon existing trust estates. They affected no substantial property interest. Practically, they simply authorized a recovery, by ejectment, of property before recoverable only in chancery. They affected the remedy only, without reaching to substantial rights, and were liable to no constitutional objection. *Graham* v. *The State*, 7 Ind. R. 470.—*Pritchard* v. *Spencer*, 2 Ind. R. 486, and the cases cited. See *Van Rensselaer* v. *Snyder*, 3 Kernan, (N. Y.) 299; *Davis* v. *The State Bank*, and cases cited, 7 Ind. R. 316.

As against *John Wise*, therefore, the statute conveyed the legal title, and the present action would be sustainable. And a purchaser from him, with notice of his title, could

May Term, 1857.

McGILL
v.
DOE.

stand in no better situation.   *Sweeney* v. *Sampson*, 5 Ind. R. 465.

We think it appears, from the face of the deed of *Wise* to *Knight*, in connection with the fact that the latter had been for years in possession of the land when the deed was made, that *Knight* was a purchaser with notice.   The facts show a case in which it was *Knight's* duty to make inquiry. It must be presumed that he did.

Under the statute, then, the ejectment was sustainable against him, if the question of adverse possession did not interfere with the right to recover.

But it has been held that judicial sales are not affected by adverse possession—that they are not within the mischief of "the champerty doctrine." 1 Dana, on p. 216. KENT says, in note to p. 447, vol. 4, that "judicial or official sales are not within the policy of the champerty law"— citing authorities from *Kentucky* and *Pennsylvania*. We approve and follow these authorities.   See *Foust* v. *Moorman*, 2 Ind. R. 17, and cases cited.

The distinction does not appear to have been considered in *Martin* v. *Pace*, 6 Blackf. 99.

*Per Curiam.*—The judgment is affirmed with costs.

*S. Judah*, for the plaintiff (1).

*B. M. Thomas*, for the defendant.

---

(1) *Mr. Judah* made two points—

1. As to the effect of *Wise's* deed.   In ejectment only the legal title is regarded.   *Jackson* v. *Van Slyck*, 8 Johns. 488.—1 T. R. 735.—8 *id.* 118.—5 East, 132.   The deed conveyed the legal estate to *Wise*, subject to a trust only to *McCall*.   *Jackson* v. *Myers*, 3 Johns. 396.—*Jackson* v. *Cary*, 16 Johns. 304.— Cruise's Dig. T. 12, ch. 2, ss. 11, 12, 24.

2. As to the effect of adverse possession.   See *Pace* v. *Martin*, 6 Blackf. 99.