## HOOT *v.* SPADE.

DAMAGES—VENDORS AND PURCHASERS.—Where there is a failure of title to a tract of land purchased and taken possession of, and there is not a rescission of the contract on that account, the measure of damages on eviction from such part, in the absence of special circumstances, is a sum bearing the same proportion to the price of the whole land which such part bears to the whole tract of land.

AMENDMENT—PRACTICE.—After the jury has been sworn and a part of the evidence heard, it is too late for either party to amend by adding a new cause of action, or defence, to be examined and disposed of in the pending trial.

PRACTICE—JURY.—Where the issues are altered after the jury is sworn, the jury must be re-sworn before hearing the cause.

APPEAL from the *Elkhart* Common Pleas.

*Per Curiam.*—Suit to foreclose a mortgage. Judgment for the defendant.

Hoot *v.* Spade.

The following established legal propositions dispose of the questions arising in the cause.

1. Where there is a failure of title to a part of a tract of land purchased and taken possession of, and there is not a rescission of the contract on that account, the measure of damages on eviction from such part, in the absence of special circumstances, is a sum bearing the same proportion to the price of the whole that such part bears to the entire tract of land. *Philips* v. *Reichert*, 17 Ind. 120; *Dodds* v. *Toner*, 3 Ind. 427.

2. After the jury has been sworn and a part of the evidence heard, it is too late for either party to amend by adding a new cause of action or defence, to be examined in the pending trial. *Miles* v. *Vanhorn*, 17 Ind. 245; *The Danville, &c.* v. *The State*, 16 *id.* 456.

3. Where the issues are altered after the jury is sworn, the jury must be re-sworn before hearing the cause. *Kerschbaugher* v. *Slusser*, 12 Ind. 453.

The judgment is reversed, with costs. Cause remanded, with leave to amend, &c.

*John H. Baker* and *Myron Baker*, for the appellants.[1]

(1) There is no brief in the files for the appellee. The counsel for the appellant urge: In an action to recover damages for the breach of the covenants in a deed, where no fraud is alleged, the purchaser can only recover his purchase money with interest. 2 Blackf. 274; 2 *id.* 143; 7 Ind. 450; Sedgw. on Meas. of Dam. c. 6.

But where there is a failure of title only to a part of the property, the rule is, that the purchaser is entitled to recover such part of the purchase price, with interest as the whole of the part to which title has failed bears to the value of the entire purchase. 4 Kent Com. § 477; *Morris* v. *Phelps*, 5 John. R. 49; *Guthrie* v. *Pugsley*, 12 *id.* 126; *Wager* v. *Schuyler*, 1 Wend. 555; *Dimmick* v. *Lockwood*, 10 *id.* 142; *Griffith* v. *Reynolds*, 1 How. U. S. R. 609; Rawle on Cov., 2d ed., 110 *et seq.*; *Furniss* v. *Ferguson*, 15 N. Y. R. 437; *Giles* v. *Durgo*, 1 Duer. 331; Sedgw. on Meas. Dam., 17 *et seq.*; *Michael* v. *Mills*, 15 Ohio R.

Ristine, Auditor, &c. v. The State of Indiana ex rel. The Board, &c.

604; *Wiley* v. *Howard*, 15 Ind. 169; *Bond* v. *McQuattlebaum*, 1 McCord 584; *McAlpin* v. *Woodruff*, 11 Ohio S. R. 120; *King* v. *Keris' Adm'r*, 5 Ham. O. R. 98; *Backus* v. *McCoy*, 3 *id*. Id. 211; *Foote* v. *Burnett*, 10 Ohio 326; 4 Hals. 143; 8 Pick. 455; 10 Conn. 422.

A mortgagor is estopped by the covenants in his mortgage to aver a want of title to the land. 1 R. S. 1852, p. 234; *Cross* v. *Robinson*, 21 Conn. 387.