———————o———————

WEBB and Others *v.* THOMPSON.

COMPLAINT—VERDICT.—Complaint upon a note demanding judgment for $500; trial and verdict for $505.99; motion for a new trial because the verdict was more than was claimed in the complaint. Motion overruled, and judgment on the verdict.

*Held,* that the substantial rights of the parties were not affected by the matter in question. Page 430.

PRACTICE—STATUTES CONSTRUED.—Sections 99, 101, 380, and 580 of the code were intended to silence, in the Supreme Court, every objection which did not go to the merits of the controversy, and render unavailing every merely technical point which formerly could have been urged here. Page 431.

ADVERSE POSSESSION.—A conveyance of land at the time held adversely by another, is void as against the person holding adverse possession. Page 433.

SAME—EXECUTION DEFENDANT.—The possession of the execution defendant shall not be deemed adverse to the purchaser from the sheriff, and the purchaser's conveyance is valid to transmit to his vendee whatever estate was acquired by the purchase. Page 433.

VERDICT—EVIDENCE.—A case must be very clear to justify the Supreme Court in disturbing the verdict on the ground that it is contradictory to the evidence. Page 433.

APPEAL from the *Jasper* Common Pleas.

FRAZER, J.—*Thompson* sued the appellants on a note, demanding judgment for $500. The defendants answered: 1. Want of consideration. 2. That the consideration of the note was a conveyance by quit-claim deed from *Thompson* to *Webb* of a tract of land in the county of *Jasper,* at the price of $1,000, for a part of which the note was

given, the balance being paid; that to induce *Webb* to purchase, *Thompson* represented that he held the land by a good and sufficient sheriff's deed; that he had bought it at sheriff's sale under a decree of foreclosure rendered in the *Jasper* Common Pleas, in *April*, 1859, in a cause in which he (*Thompson*) was plaintiff, and one *Culp* and others were defendants; that *Webb* would have no trouble about the land; that he had as good a sheriff's deed for it as was ever made in the *United States;* that he had good lawyers to attend to his case, and that his title to the land was perfect; that *Webb* was ignorant of the facts; did not examine the records or sheriff's deed, but relied on the truth of *Thompson's* representations, of which *Thompson* was aware; that said representations were false, in this, that the decree of foreclosure under which *Thompson* purchased was irregular, and on appeal was reversed; and that *Thompson* had no sheriff's deed. 3. Same as the second; and that, at the time of the conveyance to *Webb*, *Culp* was in possession, claiming title; that *Thompson's* decree against *Culp* was upon a mortgage for purchase money of the land; that *Webb* never was able to obtain possession; that, after *Webb's* purchase, *Culp* appealed from the decree against him, and thereupon *Thompson* confessed the errors assigned, and the decree was reversed. Reply, general denial, and two additional paragraphs of needless length, to which demurrers were sustained. Verdict for plaintiff for $505.99; motion by defendants for new trial overruled, and judgment on the verdict.

That the verdict was for more than was claimed by the complaint, is urged here as conclusive that the court below erred in refusing a new trial.

It was an old rule, that a plaintiff could not recover more damages than he claimed in his declaration. 1 Chit. Pl. 372. But an amendment, by increasing the amount claimed, was regarded as mere matter of form, and therefore it did not, under the old practice, subject the plaintiff to a continuance. *Tipton* v. *Cummins*, 5 Blackf. 571. And

leave to make the amendment was granted to the plaintiff after verdict, by increasing the amount to cover the amount found by the jury; the verdict being at the same time set aside, and a new trial granted, to enable the defendant to resist the enlarged demand. Tidd, 8th ed., 753. This court held in *Erskine* v. *Onyett*, 11 Ind. 335, that, under the Code, the amendment was properly made after verdict, by leave of the court below, and judgment properly rendered on the verdict. It was said further, in that case, that if leave to amend had not been asked below, the amendment would not have been made here; but that question was not then before the court, and hence that remark can not be regarded as expressing the judgment of the court. In that case as in this, the claim in the *ad damnum* was large enough when the suit was brought; but several continuances had, by accruing interest, swelled the debt so that the claim was too small at the time of trial.

But the question now presented has been before this court and directly decided. *Roberts* v. *Muir*, 7 Ind. 544. That case originated before a justice; the amount in controversy was small, and the question seems not to have received very full consideration. It was decided upon the authority of *O'Neal* v. *Wade*, 3 Ind. 410, which was not a case under the Code, and could not be an authority upon the question, unless the Code has made no change in the law upon the subject. The Code itself seems to have been overlooked, except the 49th section, which provides that the complaint shall contain a demand of the relief sought, and if it be money, the amount thereof shall be stated. The decision was in accordance with the law, as it undoubtedly existed before the Code was enacted. The case of *May* v. *The State Bank*, 9 Ind. 233, cited by the appellant, is not in point, for the reason that in that case the judgment was by default. It is true that the reasoning of the court in that case is broad enough to cover this one; but it proceeds upon the ground that the Code has made no

change upon the subject, and overlooks the 380th section of the Code, which plainly required the reversal of that case.

The Code contains certain provisions which need to be examined in this connection. They are as follows:

" Sec. 49 . . . The complaint shall contain: . . . *Second,* a statement of the facts constituting the cause of action . . . *Fourth,* a demand of the relief to which the plaintiff may suppose himself entitled. If the recovery of money be demanded, the amount thereof shall be stated.".

" Sec. 99. The court may, at any time, in its discretion, upon such terms as may be deemed proper for the furtherance of justice, direct a mistake in name, . . . or in any other respect, to be corrected, . . . when the amendment does not substantially change the claim or defense. . . ."

" Sec. 101. The court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment can be reversed or affected by reason of such error or defect."

" Sec. 380. The relief granted to the plaintiff, if there be no answer, can not exceed the relief demanded in his complaint; but, in any other case, the court may grant him any relief consistent with the case made by the complaint, and embraced within the issue."

" Sec. 580. No judgment shall be stayed or reversed . . for any defect . . which might be amended by the court below; but such defects shall be deemed to be amended in the Supreme Court, nor shall any judgment be reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

These statutes are exceedingly broad. They were intended to silence in this court every objection which did not go to the merits of the controversy; and thus, as far

as possible, render unavailing every merely technical point which could formerly have been urged here. In order to reverse this case upon this point, we must shut our eyes to section 101; for we can not say that the substantial rights of the appellants were affected by the matter in question. The contrary is too clear for controversy. Nor do the ends of justice require that we should attempt, by construction, to restrict the literal import of that section. Indeèd, its language leaves no room for construction, and our plain duty, in no wise in conflict with our inclination, is to give it full effect.

The next question arises upon an instruction given and another refused to the jury, and it is whether the possession of the defendant in the judgment renders void for champerty, between the parties to it, a conveyance by a purchaser at sheriff's sale, upon an execution issued upon the judgment. The court below told the jury that it did not, and refused to tell them that it did.

The doctrine upon the subject is, that a conveyance of land at the time held adversely by another is void, as against the person holding adverse possession. Though we have no statute against champerty and maintenance, and the common law which made it an offense is not in force here, yet this general doctrine was at an early day held to be the law here, and has been since so repeatedly recognized that it can not now be questioned. It was at one time applied to judicial sales. *Martin* v. *Pace*, 6 Blackf. 99. But in *McGill* v. *Doe*, 9 Ind. 306, that application was, in accordance with the undoubted weight of authority, denied. It is believed also to be a sound rule, well supported by the cases, that the possession of the execution defendant shall not be deemed adverse to the purchaser from the sheriff; and this court has accordingly so held. *Foust* v. *Moorman*, 2 Ind. 17. It would inevitably result, therefore, that the purchaser's conveyance is valid to transmit to his vendee whatever estate was acquired by the purchase. It is urged by the appel-

lants, however, that the law is different where the title of the defendant is not divested by the sheriff's sale, and such is this case, as appears by the evidence.  In this exact form, the question is new in this court; and so far as we know, has never before been presented to any court.  The appellant cites no authority for the distinction upon which he insists, and we can not discover how it can exist.  The nature of the possession can not, in the nature of things, depend upon the validity of the sale.  That is a new test by which to determine that possession is adverse, not to be found laid down in the books; and it is not the inclination of the courts in this country to carry the doctrine of champerty any further than it has already gone.

We can not disturb the verdict on the ground that it is against evidence.  A case must be very clear to justify us in doing so.  Here the evidence was contradictory upon the turning point, and our opportunity to judge of the credibility of witnesses is not so good as that of the jury, or of the judge of the court below.

Judgment affirmed, with one per cent. damages and costs.

*D. D. Pratt, D. P. Baldwin, John Guthrie,* and *T. C. Annabal,* for appellants.

*W. D. Lee,* for appellee.

Note by the Court.—No argument was made for the appellee.