Bradford *et al. v.* Russell.

No. 8193.

BRADFORD ET AL. *v.* RUSSELL.

MORTGAGE.—*Foreclosure.—Real Estate.—Complaint.—Claim of Interest.*—In a complaint to foreclose a mortgage on real estate, an averment that a defendant has, or claims to have, some interest in the mortgaged premises, is sufficient on demurrer without specifying the interest he has or claims.

SAME.—*Vendor and Purchaser.—Answer.—Reply.—Prior Mortgage.—Bankruptcy.*—Where the answers to such complaint, among other things, aver that the owner of the land conveyed it to the defendant by warranty deed, and put him in possession thereof, and, becoming bankrupt, the land was sold to pay a prior mortgage and conveyed to one who conveyed it to his grantor, who thereupon executed to plaintiff the mortgage in suit; that his grantor and the plaintiff conspired to defraud him of his title; that the purchase was made in trust for his grantor and the title enured to the benefit of the defendant; that, in an action of ejectment between his grantor and himself, the defendant prevailed; that, in an action against his grantor to quiet his title, the defendant also had judgment,—a reply that the defendant was a party to the decree of foreclosure under which the land was sold to plaintiff, proved his claim in bankruptcy by his oath that he had been dispossessed of the land described in the mortgage, and upon its allowance received his dividend, is good on demurrer.

SAME.—In such case the title so acquired by the grantor does not enure to the benefit of his grantee.

SAME.—*Possession.*—The possession of the judgment defendant after sheriff's sale is not adverse to the purchaser.

SAME.—*Parties.*—A mortgagee, who was not a party to actions of ejectment and to quiet title between persons claiming the mortgaged premises, is not bound by the decrees.

SAME.—*Evidence.*—In such case, in his foreclosure proceedings, transcripts of the decrees are not admissible in evidence.

EVIDENCE.—*Bankruptcy.—Record of District Court of United States.*—A transcript of a record of a bankruptcy proceeding in the District Court of the United States for the district of Indiana, is admissible in evidence in a court of this State, under section 283, 2 R. S. 1876, p. 150, when proved by the attestation of the keeper of such record and the seal of the court.

From the Marion Circuit Court.

*T. B. Adams, L. T. Michener, B. F. Love, W. Morrow* and *N. Trusler,* for appellants.

*J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellee.

FRANKLIN, C.—This is an action commenced by Russell against Joshua Shipp, Jane Shipp and Chandler Bradford.

The action is based upon a note executed by Joshua, and a mortgage executed by Joshua and Jane, to secure the payment of the note. The complaint alleges that Bradford held possession of the mortgaged premises and claimed an interest in the land, making him a co-defendant to answer as to his interest.

The suit was commenced in the Shelby County Circuit Court, and the venue changed to Marion county, where the cause was tried. Shipp and wife appeared and answered, but afterward withdrew their answers and were defaulted. Bradford demurred to the complaint; demurrer overruled and an exception. He then answered in eight paragraphs, to which Russell replied in two paragraphs. Demurrer to second paragraph of reply overruled, and exception reserved. Trial by the court and finding for the plaintiff. Motion for a new trial overruled, and ruling excepted to. Motion in arrest of judgment overruled and exception taken, and judgment rendered for the plaintiff for $2,553.76, and foreclosure of mortgage.

The defendant Bradford alone appeals to this court from the judgment of foreclosure of the mortgage as to him; and he has filed the following assignment of errors:

1st. Overruling demurrer to complaint;

2d. Overruling demurrer to second paragraph of reply;

3d. Overruling motion for a new trial;

4th. Overruling motion in arrest of judgment.

The facts in this case, as we gather them from the record, are as follows:

On the 1st day of May, 1871, said Joshua Shipp and wife executed a mortgage to one Lewis on certain lands in Shelby county, Indiana, including the land in dispute, for $20,000.

On the 29th day of September, 1871, he conveyed the land in dispute, by warranty deed, to appellant Bradford.

On the 26th of June, 1872, a petition was filed in the United

States District Court for the State of Indiana against said Shipp to have him declared a bankrupt. He was so declared and adjudged by said court.

On the 30th day of April, 1874, the assignee of said bankrupt filed his petition asking to sell said land free from all mortgages and liens, and the claim and interest of said defendants Bradford and wife, making them defendants thereto.

On the 27th day of August, 1875, the court ordered said land to be sold free from all mortgages and liens, and all claims of any interest or equity of any kind whatever of the defendants Chandler Bradford and Mary Bradford in and to the land in controversy, and that their claims and interest be forever barred and foreclosed.

On the 8th day of October, 1875, said land was so sold by a commissioner appointed by said court, and said appellee Russell became the purchaser for $2,000. On the 11th day of February, 1876, said sale having been approved and confirmed by said court, said commissioner conveyed all the claim, right, title and interest of Joshua Shipp, Jane Shipp, Chandler Bradford and Mary Bradford in and to said land to said Russell.

On the 8th day of September, 1875, said Joshua Shipp received his final discharge in bankruptcy.

On the 8th day of February, 1876, said Bradford proved in said United States District Court his claim for a breach of the warranty in his said deed; and on the 24th day of November, 1876, received his distributive share thereon of the assets of said bankrupt's estate. On the 21st day of June, 1876, said appellee conveyed the land in controversy to said Joshua Shipp, and took the notes in suit for the purchase-money, dated June 20th, 1876, and the mortgage in suit to secure their payment, dated August 2d, 1876.

On the 19th day of April, 1877, said Bradford brought a suit against said Shipp, in the Shelby County Circuit Court, to quiet his title to said land, which, on the 3d day of December, 1878, was decided by said court in his favor. And on

the 18th day of July, 1877, said Shipp brought a suit of ejectment in said court against said Bradford, which was also decided in said Bradford's favor.    That appellee Russell was not made a party to either of said suits.    And on the 6th day of November, 1878, this suit was commenced.

The demurrer to the complaint stated as the only cause, a want of sufficient facts.

The first objection to the complaint, under the assignment of error in overruling the demurrer, is, that the allegation that Bradford then had possession of the said tract of land, and claimed an interest therein, was too general, and did not state what interest Bradford claimed.    There was no motion made to make it more specific.    If he claimed no interest, he could have filed a disclaimer and gone out of the case.    If he claimed an interest, he had a right to set that interest up specifically in an answer, which he did.

Under a demurrer, it is sufficient, in a complaint to foreclose a mortgage, to aver that a defendant has or claims some interest in the mortgaged premises, in order to require him to answer as to that interest.    2 Jones Mortgages, section 1396; *Martin* v. *Noble*, 29 Ind. 216; *Bowen* v. *Wood*, 35 Ind. 268; *Bloomer* v. *Sturges*, 58 N. Y. 168.    For the same reasons, we think the second, third and fourth objections to the complaint are not well taken.    The last objection is, that although the complaint avers that " copies of each of which said notes and mortgage are filed herewith and made part hereof," but no copies thereof are attached to or filed with the complaint. This omission in the record has since been properly supplied by *certiorari*.

We see no error in overruling the demurrer to the complaint.

The second assignment of errors is upon overruling the demurrer to the second paragraph of the reply.    The following is the substance of the answer to which this paragraph of the reply applied, to wit:

The second and third paragraphs of the answer allege, in different ways, the following material averments: That, prior

to the execution of the mortgage sued on, Shipp, who was the possessor and owner of the land described in the complaint, by his warranty deed conveyed the same to Bradford and put him in the possession thereof; that he has ever since remained in the exclusive, open, notorious and adverse possession thereof, claiming title thereto; that afterward Shipp was adjudged a bankrupt; that such proceedings were had in the bankrupt court, that the land in controversy was ordered sold to pay a mortgage on the land made prior to the conveyance aforesaid; that the land was thereupon sold and conveyed to said Russell; that afterward, and while Bradford was so in possession thereof, Russell conveyed said land to Shipp, who thereupon executed the mortgage in suit. In addition to these averments, the second paragraph charges a conspiracy on the part of Russell and Shipp to defraud Bradford of his title; and the third paragraph alleges an agreement between them, by which Russell bought the land in trust for Shipp, loaning Shipp the money for such purchase, and was to afterwards convey the land to Shipp. In this paragraph it is averred that, when Shipp received said conveyance from Russell, the title vested in, and enured to the benefit of, Bradford.

The fourth paragraph omits the allegations of fraud and trust agreement aforesaid, and treats the conveyance to Shipp and the mortgage as void for maintenance.

The fifth paragraph, after setting out the conveyance as aforesaid, alleges that, after the execution of the mortgage in suit, Shipp brought his action in the circuit court of Shelby county, against Bradford, in ejectment, for the possession of said land; that he answered and claimed title thereto by virtue of the deed from Shipp in 1871, and that a judgment was rendered in his favor in said action.

The sixth paragraph is similar, except that it avers that Russell, when he conveyed the land to Shipp, represented that he would convey the title to Shipp, who would get possession thereof by means of said conveyance; by reason of which representations Shipp purchased the land, but had neither ob-

tained title nor possession of the lands; that prior thereto Bradford brought his action in the Shelby Circuit Court to quiet his title to said land; that in said action Shipp claimed title thereto by virtue of the deed from Russell; which was decided in Bradford's favor.

The seventh paragraph alleges the conveyance while Bradford was in the possession as aforesaid, and that when Shipp received said conveyance from Russell the title so attempted to be conveyed related back and enured to the benefit of Bradford, and that, therefore, the mortgage is void.

The eighth paragraph contains similar allegations, and further avers that after the execution of the mortgage, Bradford brought his action in the Shelby Circuit Court against Shipp to quiet the title to said land, and in said action the title to said real estate by the conveyance to Bradford, in 1871, and by the deed from Russell to Shipp, in 1876, was passed upon and settled, including the proceedings in bankruptcy; and the title thereto was adjudged to be in Bradford.

The substance of the second paragraph of the reply, to which the demurrer was overruled, is as follows: In 1871, Joshua Shipp, being the owner of the land in the complaint described, mortgaged it to one Harvey Lewis, and that the mortgage was duly recorded; that afterward Joshua Shipp deeded it to Bradford; that Shipp was, in 1872, duly adjudged a bankrupt, and was afterward discharged; that the mortgage to Lewis was foreclosed, Bradford being a party defendant, and the land sold on decree to Russell; that Bradford proved his claim for breach of warranty in his deed from Shipp against Shipp's estate in bankruptcy, and in said claim asserted under oath that he had been dispossessed of the land in the mortgage described, which claim was allowed by the court, and on which Bradford received his dividend. And it expressly denied all charges of fraud and conspiracy; that the deed by Russell to Shipp, and the mortgage by Shipp to Russell, were made at the same time and were one and the same transaction.

It will be observed that adverse possession is only claimed

from the date of the deed from Shipp to Bradford. The reply shows that the equity of the mortgage runs back of that date; that the whole claim out of which the mortgage in suit grows rests on the mortgage to Lewis, which was prior to the deed to Bradford by Shipp. And, in addition to this, Bradford was a judgment defendant in the foreclosure suit of the Lewis mortgage, and it is well settled that the possession of the judgment defendant after the sheriff's sale is not adverse to the purchaser. *Foust* v. *Moorman*, 2 Ind. 17; *Webb* v. *Thompson*, 23 Ind. 428; *Vannoy* v. *Blessing*, 36 Ind. 349.

Russell's title related back to the date of the Lewis mortgage, and was prior and paramount to Bradford's title; therefore, Bradford was holding possession under title derived under Russell's title, subject to and not adverse to Russell's title.

It is a correct principle of the law, that, where a person makes a warranty deed to another for real estate, to which he has no title, or an imperfect title, and he afterward acquires title, or perfects his title, the acquired or perfected title enures to the benefit of his grantee in his warranty deed.

It would be needless to cite authorities upon that general proposition. In this case Shipp had conveyed the title to Bradford, but that title was subject to the Lewis mortgage, and, if Shipp had removed the mortgage, it would have enured to the benefit of Bradford. He did not do this. The land was sold freed from the mortgage. Bradford and wife were made parties to the proceeding, and the property was sold by the order of the court. Russell bought the land free from Bradford's claim, and his right to redeem was forever barred and foreclosed. Shipp was declared a bankrupt, and discharged from all liability for any provable claims. Bradford proved his claim, and received his dividend. That the deed from Russell to Shipp and the mortgage from Shipp to Russell were one and the same transaction. These facts are all shown by this paragraph of the reply. We think the deed from Russell to Shipp did not enure to Bradford's benefit. All his claim to that benefit had been extinguished by Shipp's bankruptcy and dis-

·charge, and Bradford's proof of claim and acceptance of dividend.　United States R. S., section 5119; *Bates* v. *West,* 19 Ill. 134; *Bailey* v. *Moore,* 21 Ill. 165; *Shelton* v. *Pease,* 10 Mo. 473; *Reed* v. *Pierce,* 36 Me. 455; *Jemison* v. *Blowers,* 5 Barb. 686; *Bush* v. *Person,* 18 How. 82.　But if it did enure to Bradford's benefit, the land would still be subject tò appellee's mortgage for the purchase-money, executed at the same time of the deed.　Bradford could not hold the land freed from the mortgage for the purchase-money, which enabled it to get into a condition to enure to his benefit.　As to the two suits between Bradford and Shipp, in the Shelby Circuit Court, they were both about other matters than the appellee's notes and mortgage, and did not embrace them in any particular, and he, not being a party thereto, was not in any shape, form or manner, bound thereby.　Wells Res Adjudicata, sec. 182; 1 Greenl. Ev., sec. 536; *Maple* v. *Beach,* 43 Ind. 51; *Glenn* v. *The State,* 46 Ind. 368.

We think the second paragraph of the reply was sufficient, and there was no error in overruling the demurrer to it.　But ·this demurrer can not reach back and be sustained to the answer.　While a separate demurrer to each paragraph of the answer might have been correctly sustained to some of them, others are good, and this demurrer, if sustained as to the answer, could only be sustained as to the whole answer.

Under the third assignment of errors, the overruling of the motion for a new trial, it is insisted, that the finding of the court was contrary to law, because it was not supported by sufficient evidence.　We have heretofore considered the questions of adverse possession and Shipp's title enuring to the benefit of appellant, and do not desire to further discuss them. We think the evidence supported the finding, and that it was not contrary to law.

It is further insisted, under the motion for a new trial, that there was irregularity in the trial, in the court's admitting in evidence the transcript of the bankruptcy proceedings; and the objection to this was, that it was not properly authenti-

cated; that it only had the certificate of the clerk with the seal
of the court attached to it; that it ought to have had, in ad-
dition, the seal of the chief justice or one or more of the
judges, or the presiding magistrate; that the person who signed
the attestation or certificate was, at the time of subscribing it,.
the clerk or prothonotary of the court, and that the attestation
was in due form of law. And we are referred to the 286th
section, 2 R. S. 1876, p. 152. This section is almost a
literal copy of the 9th section of the act of Congress upon the
subject of authenticating records of another State to be used
as evidence in this State, and does not apply to the records in
this State. In the case of *Adams* v. *Lisher*, 3 Blackf. 241, it
was held that the transcript of a record of the District Court
of the United States for this State, under the seal of the court,
and certified by the clerk to be a complete copy of the record,
is admissible as evidence in the courts of this State. This
decision was based upon general principles, and not upon any
statute of the State. And the act of Congress upon the au-
thentication of records, although passed in 1790 and in force,.
was not referred to, we presume, for the reason that it did not
embrace transcripts of records in a State where the transcript
was to be used as evidence.

In the case of *Draggoo* v. *Graham*, 9 Ind. 212, this court
used the following language: "There is no certificate of any
judge of any court, attached to the transcript, in accordance
with the provision of the act of Congress touching the authen-
tication of judgments of courts of record of the different States,.
when used as evidence out of that in which they were ren-
dered; and which provision has been substantially incorpora-
ted into our code. 2 R. S. p. 93, sec. 286."

This was a transcript from a justice of the peace's record,.
in the State of Ohio, certified to by the justice and the clerk
of the common pleas court of the county. And upon the
ground that there was nothing showing that a justice of the
peace court was a court of record in the State of Ohio, it was
held that the transcript was not embraced in the act of Con-

gress nor in the 286th section of our statute, and was admissible as evidence. We make this quotation for the purpose of showing that section 286 of our statute is substantially the same as section 9 of the act of Congress. There is no ambiguity about this section in the act of Congress. But this section in our statute has been drawn in somewhat confused language, and it is remarkable that it should have so long remained in that condition. It commences as follows : " The records and judicial proceedings of the several courts of record, of or within the United States or the territories thereof, shall be admitted in the courts within this State as evidence, by attestation or certificate of the clerk or prothonotary, and the seal of the court annexed, together with the seal of the chief justice or one or more of the judges," etc. It is evident that the word "seal" of the chief justice or one of the judges is used for the word "certificate." And the words, "of or within the United States or the territories thereof," evidently mean other than this State ; as is plainly set forth in the act of Congress. This case, in 9 Ind., *supra,* is approvingly cited in the case of *Ault* v. *Zehering,* 38 Ind. 429.

We think the transcript in question was admissible in evidence under the 283d section of our statute, which reads : " Exemplifications or copies of records," etc., " which are kept in any public office in this State, shall be proved or admitted as legal evidence in any court or office in this State, by the attestation of the keeper of said records," etc. ; "and the seal of office of said keeper thereto annexed," etc.

A transcript of a record of the proceedings of the District Court of the United States, held within this State, requires no other or different authentication, in order to admit it in evidence in any court within this State, than a transcript of a record of the proceedings of any State circuit court held within this State. The United States courts held within this State are domestic courts, and not foreign.

In the case of *Turnbull* v. *Payson,* 95 U. S. 418, we find the following language : " Beyond all doubt, the certificate

·of the clerk and the seal of the court is a sufficient authentication of the record of a judgment rendered in a State court, when offered in evidence in the circuit court sitting within the same State where the judgment was rendered. *Mewster* v. *Spalding,* 6 McLean, 24. Held, also, that such an authentication would be sufficient in the State court; and, if so, that it would also be good in the circuit court. * * * Circuit and district courts of the United States certainly can not be ·considered as foreign in any sense of the term, either in respect to the State courts in which they sit, or as respects the ·circuit or district court, of another circuit or district. On the contrary, they are domestic tribunals, whose proceedings .all other courts of the country are bound to respect, when authenticated by the certificate of the clerk under the seal of the ·court." The following authorities are therein referred to: *Womack* v. *Dearman,* 7 Port. (Ala.) 513; *Commonwealth* v. *Phillips,* 11 Pick. 28; *Chamberlin* v. *Ball,* 15 Gray, 352; *Ladd* v. *Blunt,* 4 Mass. 402.

It is also insisted that the court erred in refusing to admit in evidence the transcripts of the two Shelby county suits between Bradford and Shipp. We have heretofore decided that :appellee, not being a party to either of these suits, nor a privy thereunder, was not in any manner bound by either of them, :and that his rights in the mortgage in suit could not in any .respect be affected by them.

We have been earnestly referred to the case of *Merrick* v. *Leslie,* 62 Ind. 459, as being in favor of the admissibility in ·evidence of these transcripts. We have carefully examined the case, and do not think it applicable to the case at bar. That was a case of a prior and paramount title to plaintiff's ·claim, and the record was properly admitted against the subsequent privy. This is not that kind of a case.

We can not see upon what principle these transcripts would be admissible in evidence in this case. We see no error in their rejection.

The last assignment of alleged errors in the court below was the overruling of the motion in arrest of judgment.

Having decided that the complaint was sufficient, and that the demurrer to it was correctly overruled, there is no reason for sustaining the motion in arrest of judgment.

We find no error in this record, and the judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at appellants' costs.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.