Record *et ux. v.* Ketcham.

No. 8572.

RECORD ET UX. *v.* KETCHAM.

PRACTICE.—*Amendment.*—*Change of Issues.*—*Re-Swearing Jury.*—In an action to compel the execution of a trust in regard to real estate, after the evidence was heard the complaint was dismissed. A counter-claim had been pleaded jointly by two defendants. After the dismissal of the suit, the counter-claim was dismissed as to one of the defendants, and then, after the court had begun to instruct the jury, and was stating the issues to the jury, the remaining defendant was permitted to amend the counter-claim by striking out the name of the dismissed defendant and all allegations of title in him. The evidence showed that there had been a conveyance of the real estate to the dismissed defendant by the one remaining, which was in fact a mortgage, and that it had been paid and the land reconveyed to the remaining defendant.

*Held,* that the amendment did not change the issues so as to require the jury to be re-sworn.

SAME.—*Defendant in Foreclosure Proceeding.*—*Adverse Possession.*—The defendant in a foreclosure proceeding, in possession after sale, does not hold adversely to the purchaser at the foreclosure sale, nor to those claiming under him.

SAME.—*Grantor and Grantee.*—The possession of a grantor is not adverse to the grantee, nor to those claiming under him.

From the Owen Circuit Court.

Record *et ux. v.* Ketcham.

*G. W. Grubbs, J. H. Jordan, L. Ferguson* and *M. H. Parks,* for appellants.

*W. R. Harrison* and *W. E. McCord,* for appellee.

BICKNELL, C. C.—On the 29th of February, 1876, Jackson Record and wife conveyed about 400 acres of land, of the value of about $24,000, by an unconditional warranty deed, to James C. Ferguson, Edward B. Howard and Nathan H. Neeld, for the consideration of $7,000. The grantees, at that time, held a mortgage on the land, dated April 22d, 1874, given by the grantors to secure an indebtedness of $7,000. The land was also subject to another mortgage, given by the same grantors to the Indianapolis Insurance Company to secure a debt of $8,000, dated April 9th, 1871. This last mortgage had been foreclosed and the land had been sold at the foreclosure sale to one William Henderson, on the 8th of January, 1876. Ferguson, Howard and Neeld, on the 21st of January, 1877, sold the land to John L. Ketcham for $22,000, and John L. Ketcham, in July, 1878, sold the land to Alexander E. Orr. Soon afterward Record and wife brought this suit in the Morgan Circuit Court, against Ferguson, Howard, Neeld, Ketcham and Orr, alleging that said deed to Ferguson, Howard and Neeld was made upon certain trusts for the benefit of Record and wife, who had remained in possession of the land all the time, and that said conveyances to Ketcham and Orr were made without the knowledge or consent of Record and wife, and were taken by Ketcham and Orr with full notice of said trusts. The complaint prayed that the deeds to Ketcham and Orr might be set aside, and that Ferguson, Howard and Neeld might be compelled to execute said trusts, and for all other proper relief. Before any answer was filed, the suit was dismissed as to the defendants Ferguson, Howard and Neeld. The defendants Ketcham and Orr answered separately, and the plaintiffs replied to said answers, but no

question arises upon these pleadings. Ketcham and Orr also filed a joint plea, which they call "a counter-claim and cross complaint," but it is really a counter-claim only. In this counter-claim they allege a foreclosure of the mortgage of the Indianapolis Insurance Company, and a foreclosure sale to Henderson, and that he assigned his certificate of sale to the said James C. Ferguson, to whom the sheriff made a deed for the land, which was recorded on July 5th, 1877, and was on record when said defendants Ketcham and Orr accepted their said conveyances, and that the plaintiffs' mortgage to Ferguson, Howard and Neeld was also then on record, and that the unconditional conveyance of plaintiffs to Ferguson, Howard and Neeld was also then on record, and that they relied on said deeds so found of record and bought without notice of any equity of appellants; that Ketcham bought from Ferguson, Howard and Neeld for a valuable consideration, to wit, $22,000, and owns the land and is wrongfully kept out of possession by plaintiffs, to his damage of $1,000; that plaintiffs are wrongfully claiming title and some equity, which claim is a cloud upon the title of said defendants. The prayer of the counter-claim is, that the title of Ketcham may be quieted, and the plaintiffs enjoined, etc., and that Ketcham may recover possession, and may have all other proper relief.

The plaintiffs filed a demurrer to the counter-claim. The demurrer was overruled, and the plaintiffs excepted. They then filed their answer to the counter-claim, to wit, the general denial and a special defence. Ketcham and Orr replied to said special defence. The issues were tried by a jury, and, after the evidence was all heard, the plaintiffs dismissed their suit, and the counter-claim was dismissed as to the defendant Orr; and, after the court had begun to instruct the jury, and was stating the issues to the jury, the court granted leave to said Ketcham to amend said counter-claim by striking out the name of said Orr and all that part of the coun-

ter-claim which alleged title in said Orr; to which decision of the court, in granting such leave to amend, at that stage of the cause, without re-swearing the jury, the plaintiffs at the time excepted. The jury returned a verdict for the defendant John L. Ketcham, with $600 damages for the detention of the lands. The plaintiffs moved for a new trial, the court overruled the motion, and the plaintiffs excepted. Judgment was rendered upon the verdict, and the plaintiffs appealed.

The appellants assign errors as follows:

1st. The court erred in overruling the demurrer to the counter-claim;

2d. The court erred in overruling the motion for a new trial;

3d. The court erred in permitting the counter-claim to be amended; and,

4th. The counter-claim does not contain facts sufficient to constitute a cause of action.

Of these alleged errors, the first and fourth are not discussed in the appellants' brief, and are therefore regarded as waived. As to the third, it has been held that, after a jury has been sworn and evidence heard, a complaint can not be amended so as to introduce a new cause of action. *Miles* v. *Vanhorn*, 17 Ind. 245; *Proctor* v. *Owens*, 18 Ind. 21; *Hoot* v. *Spade*, 20 Ind. 326. And the subsequent pleadings may be amended after evidence heard, provided that the issues be not thereby changed. *Shank* v. *Fleming*, 9 Ind. 189; *Kerstetter* v. *Raymond*, 10 Ind. 199; *Blasingame* v. *Blasingame*, 24 Ind. 86. Whenever the issues are changed after the jury has been sworn, the jury must be re-sworn. *Ostrander* v. *Clark*, 8 Ind. 211; *Kerstetter* v. *Raymond*, *supra; Hoot* v. *Spade*, *supra; Kerschbaugher* v. *Slusser*, 12 Ind. 453.

In the case at bar, after the evidence was heard, the complaint was dismissed. A counter-claim had been pleaded

jointly by the two defendants. After the dismissal of the suit, the counter-claim was dismissed as to one of the defendants, and then the remaining defendant was permitted to amend the counter-claim, by striking out the name of the dismissed defendant and all the allegations of title in him. It had appeared in evidence that the conveyance by Ketcham to Orr was really a mortgage, and that Ketcham had paid the mortgage, and Orr had reconveyed the land to Ketcham. Here was technically a change of the issues, but not such a change as required the jury to be re-sworn. The matter to be tried and determined as between the appellants and Ketcham remained after the amendment substantially the same as before. *Landry's Adm'r* v. *Durham*, 21 Ind. 232; *Hackney* v. *Williams*, 46 Ind. 413. There was no substantial error in permitting such amendment of the counter-claim, or in failing to have the jury re-sworn.

The motion for a new trial was upon the following reasons :

1st. The verdict of the jury is not sustained by sufficient evidence;

2d. The verdict of the jury is contrary to law;

3d. The court erred in giving to the jury, of its own motion, each of the instructions, from one to ten inclusive;

4th. The court erred in refusing to give to the jury instructions one and two, as requested by the plaintiffs;

5th. The court erred in refusing to permit the plaintiff Jackson Record to testify that at the time of the execution of the deed to Ferguson, Howard and Neeld, he (Record) and his co-plaintiff had and held open, notorious and exclusive possession of the land in controversy, under an adverse claim against said grantors Ferguson, Howard and Neeld;

6th. This referred to the action of the court in permitting the amendment of the counter-claim, which has already been considered.

In reference to the fifth reason for a new trial, it appears by bill of exceptions No. 2, that the plaintiffs offered to

prove by Jackson Record, that at the time the real estate in question was conveyed to said Ketcham by Ferguson, Howard and Neeld, the said Record and wife were in open, notorious and exclusive possession of said real estate, and had been for more than twenty years, and were then and there claiming the right to have and hold such possession by virtue of a right and interest reserved to them at the time they conveyed said land to Ferguson, Howard and Neeld, and that said Record would have stated that such were the facts, had he been permitted to testify; that, to the introduction of said testimony, the defendant Ketcham objected, for the reason that such possession could in no manner be notice him, nor affect his rights in the premises, which objection the court sustained and refused to permit said Record to testify to said facts.

There was no error in refusing to admit such testimony. Ferguson was holding title under the foreclosure sale. Record was the defendant in the foreclosure decree; his possession was not adverse to Ferguson or those claiming under him. *Foust* v. *Moorman*, 2 Ind. 17; *Webb* v. *Thompson*, 23 Ind. 428; *Rowe* v. *Beckett*, 30 Ind. 154; *Vannoy* v. *Blessing*, 36 Ind. 349. These cases also show that the possession of the grantor is not adverse to the grantee nor to those claiming under him. Ferguson, who conveyed to Ketcham, not only held title under the foreclosure, but had a warranty deed from Record and wife. *Tuttle* v. *Churchman*, 74 Ind. 311. The third reason for a new trial is error of the court in each of the instructions given by the court of its own motion.

In the 4th instruction the court says: "But before you can find for the defendant, Record, upon this issue, you will have to find, that, at the time Ketcham took his deed from Ferguson for the land, he, Ketcham, had actual notice of the contract or arrangement with Ferguson." Again, in the 5th instruction, the court told the jury "The fact that Record

was in possession of these lands, amounted to no constructive notice, that he, Record, was holding by any adverse title as against Ferguson; it is no notice to Ketcham or any grantee of Ketcham." To the same effect is the 6th instruction given to the jury by the court.

The same authorities hereinbefore cited, showing that the exclusion of the proposed testimony of Record was right, show also that there was no error in the foregoing instructions, and we find no error in any of the instructions given by the court.

The only remaining cause alleged for a new trial is the second, to wit, that the verdict was contrary to law, and this is without foundation.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellants.