ERSKINE *v.* ONYETT.

A justice of the peace cannot grant a new trial after judgment, without notice to the opposite party, and in his absence; and where a new trial was thus granted on motion by the plaintiff, and the defendant appeared and objected to the proceeding, on the ground that he had no notice of the motion, and there were a second trial and a second judgment for the defendant, from which the plaintiff appealed to the Common Pleas,—*held,* that the proceedings subsequent to the first judgment were void, and there was nothing to appeal from except that judgment.

The transcript in this case was silent as to the appeal to the Common Pleas. The appeal-bond contained the only evidence of such appeal. It was dated and approved thirty-one days after the rendition of the first judgment. *Held,* that the appeal would not lie as from that judgment.

APPEAL from the *Vanderburgh* Court of Common Pleas.

*Saturday, December* 11.

PERKINS, J.—This case came to the Common Pleas by appeal from the judgment of a justice of the peace.

On the 28th of *November,* 1857, the case was tried before the justice, and verdict and judgment were given for *Onyett,* the defendant. On the first of *December* following the plaintiff moved for a new trial, in the absence of the defendant, and the justice granted it immediately, without notice to the defendant, but notified the defendant on the first of *December,* that a new trial had been granted to take place on the 5th. On the 5th, the defendant appeared and objected to the proceeding for want of notice of the motion for a new trial. His objection was overruled, and the defendant was compelled to go into trial, and the result was a second verdict and judgment for the defendant, from which, the plaintiff appealed to the Common Pleas. The transcript is wholly silent as to the appeal, but the appeal-bond is dated *December* 29, 1857, and was filed in the clerk's office, *January* 2, 1858.

The justice had no power to grant a new trial three days after judgment, without notice to the defendant, and in his absence. 2 R. S. p. 460, § 56. And the defendant having objected to the proceeding, everything subsequent to the first judgment was void, and there was nothing to appeal

from except the first judgment. *Jones* v. *Rodman*, 4 Blackf. 492, is similar to this, except that in that case the parties appeared, the cause was continued, and afterwards tried without any objection to the granting of the new trial. It is apparent, however, that had the objection been made, the Court would have held it a good ground for dismissing the appeal.

In this case, the appeal cannot be regarded as having been taken from the first judgment, for the judgment was rendered thirty-one days before the date and approval of the appeal-bond, which, in the condition, contains the only evidence that an appeal was ever taken.

Here, then, we have this case. On the 28th of *November*, 1857, a suit is tried, and a judgment rendered, in a case between the appellant and appellee. No motion is made for a new trial, at the time. The questions involved between the parties are settled, and the parties are out of Court.

That judgment has never been legally vacated. The proceedings, subsequent to that judgment, having been had against the consent of the appellee, were void. It was proper, therefore, that the Common Pleas Court, on being advised of these facts, by affidavit or other proper method, should dismiss them, as it did, on motion. Had those proceedings resulted in a judgment against the appellee, he might have avoided the judgment by an appeal to the Common Pleas, where it would have been reversed, and the proceedings resulting in it ordered to be set aside, or a judgment rendered in his favor.

The consequences of proceedings, such as those appearing in this case, being in a Court of special and limited jurisdiction, may be different from what they might be in a Court of general jurisdiction.

*Per Curiam.*—The judgment is affirmed with costs.

*A. L. Robinson*, for the appellant.