Filed Oct. 30, 1891.

---

No. 251.

THE STATE, EX REL. CATALANO, *v.* MARTIN ET AL.

JUSTICE OF THE PEACE.—*New Trial After Time Limited by Statute.*—*Waiver.*
—Appearing before a justice of the peace, consenting to a continuance and having a cause set down for trial are a waiver of any objections to an order setting aside a former judgment and granting a new trial therein, made after the time limited by statute for the granting of a new trial. Section 1487, R. S. 1881.

JUDGMENT.—*Parol Evidence Attacking Judgment Void on its Face.*—Parol evidence attacking a judgment which the record shows on its face to be void, though incompetent, does not prejudice or impair the rights of a party claiming under it, and the admission of such evidence is not reversible error.

From the Marion Superior Court.

*W. B. Walls* and *G. L. Walls,* for appellant.
*H. J. Everett,* for appellees.

REINHARD, J.—Action upon the official bond of a justice

of the peace. The complaint, after setting out the formal and introductory matters as to the election of the appellee, and the execution of the bond, avers, in substance, that said appellee, as justice of the peace of Marion county, Indiana, did, on the 18th day of April, 1888, render a judgment in favor of the relatrix, Mary Catalano, and against one Frank Conrad, for damages in a replevin suit, in the sum of eighty dollars and costs of suit; that on the same day the relatrix, believing there was danger in delay, filed with said justice her affidavit for an execution for the collection of said judgment, and that said justice failed, neglected, and refused to issue such execution until the 10th day of May, 1888; that between the time of the filing of the affidavit for execution to issue and the issuing thereof the judgment defendant disposed of all his property and became wholly insolvent, which caused the relatrix to lose the entire amount of her said judgment. Wherefore, etc.

The appellees filed an answer in two paragraphs, viz.:

1. The general denial.

2. That within the time allowed by statute the appellee Martin granted the defendant in that cause a new trial, and set aside the judgment theretofore rendered by him, and did not, therefore, issue execution thereon.

The appellant demurred to the second paragraph of the answer; the demurrer was overruled, and the appellee filed a reply in one paragraph, it being the general denial.

The cause was tried by the court, and there was a finding and judgment for defendants below, who are the appellees here.

Appellant's motion for a new trial having been overruled, judgment was rendered, and he appealed to the general term of the superior court, where the judgment of the special term was affirmed.

The errors assigned call in question, first, the correctness of the ruling of the superior court in special term in overruling the demurrer to the second paragraph of the answer.

The objections which the appellant urges to this paragraph are stated in the brief of his counsel as follows:

" 1. That it contains no averment that the judgment defendant, Frank Conrad, mentioned therein, did, within ten days after the rendition of said judgment, pay the costs, and have the default and judgment set aside, as provided by statute.

" 2. That there is no averment in said paragraph of answer that the judgment plaintiff mentioned therein had any notice of the judgment defendant mentioned therein filing a motion for a new trial in said cause, or that a motion for a new trial had been made in the said judgment plaintiff's presence, or in the presence of her agent or attorney who conducted her suit, as provided by statute." Section 1493, R. S. 1881.

In order the more satisfactorily to determine the validity of these objections, the second paragraph of the answer is here set out.   It reads as follows :

" The defendants, for a second and further answer herein say, that, on the 11th day of April, 1888, the above-named relatrix as plaintiff commenced a suit before Luke Walpole, a justice of the peace of Center township, Marion county, State of Indiana, against one Frank Conrad ; that said cause was set for trial on April 16th, 1888, at nine (9) o'clock in the forenoon ; that, on the said 16th day of April, 1888, the defendant, said Conrad, made affidavit and prayed for a change of venue therein to some other township, which was granted, and the said justice Walpole did send said cause to the defendant in this cause, Ezra G. Martin, who was then and is now a duly elected justice of the peace, qualified and acting in Wayne township, county and State aforesaid ; that when said change of venue was granted by said Justice Walpole, it was stated by the court to the said defendant, Frank Conrad, and his counsel, that the time for the trial of said cause would be fixed by the said Justice Martin, and that the said defendant Conrad would be notified of the time of

The State, *ex rel.* Catalano, *v.* Martin *et al.*

said trial; that the defendant Martin was a man of fair, honorable and honest mind, disposition and purpose, always just and sincere, and disposed to strictly follow the law and do justice between man and man impartially, but said Martin was then not well versed in the law; that said relatrix and her counsel went to Squire Walpole, justice as aforesaid, and proposed to carry said transcript on change of venue to the defendant, Squire Martin, and to fix a time for the trial of said cause, and to notify said Conrad thereof, and thus they procured possession of said transcript on the 6th day of April, 1888, and brought the same to the defendant Martin, who was wholly unacquainted with all the parties, and did not know that there was such a case in existence, and was thus induced to set said case down for immediate hearing, and did try the same, in the absence of said Conrad, and without any kind of notice to him or his attorneys; that said relatrix was present in person and by counsel, and with her witnesses, and the evidence adduced was heard, and said Justice Martin was then induced to render a judgment for eighty dollars ($80), with costs; that after said case was thus tried and judgment rendered, to wit, on the 21st day of April, 1888, the said Conrad appeared before said Justice Martin, and made a motion to set aside said default and to grant him a new trial in said cause, for the reasons that he had no notice of the time of the trial, and that the said judgment was taken on account of accident and surprise which no ordinary prudence could have guarded against; misconduct of the plaintiff, irregularity in the proceedings of the court and the prevailing party, and the orders of the court, and abuse of discretion, by which the party was prevented from having a fair trial. And it being shown to the court that said plaintiff, Catalano, and her attorneys, had notice of the time and place of the hearing of said motion for a new trial, and the court, being fully advised in the premises, did grant said Conrad a new trial, and said judgment was set aside, and said cause was set down for trial on the 23d day

of April, 1888, at 10 o'clock A. M.; and said Justice Martin caused full and fair notice of the time when said cause was again set for trial to be given to the plaintiff herein; that afterwards, to wit, on the said 23d day of April, 1888, all of said parties appeared at 10 o'clock A. M.,—the said relatrix by her attorneys, and the said Frank Conrad was present in person and by counsel; and when said cause was called for trial, the said relatrix, Catalano, by her attorneys, made application for a continuance of said cause on account of the sickness of the said plaintiff, and said cause was, by agreement, continued until the 30th day of April, 1888, at 10 o'clock A. M.; that on the said 30th day of April, 1888, said cause was again continued by the agreement of the parties; that when said cause was continued on April 23d and April 30th, 1888, the said relatrix and her said counsel never pretended that the said judgment rendered on April 18th, 1888, was valid or in force, and there was then no pretence that the said new trial was not granted and said judgment set aside, and the continuances aforesaid were granted after the said 18th day of April, 1888, at the request of the said relatrix and her said attorneys," etc.   The remainder has reference to what occurred after the alleged setting aside of the judgment.

It must be quite obvious that if the order and judgment of the justice setting aside the original judgment, and granting a new trial had any validity, for the purpose of the demurrer, the original judgment must be regarded as vacated and *functus officio*.   That being the case, no execution issued upon the judgment after it had been set aside could avail the appellant anything, unless the order setting it aside is itself void, or ineffectual.

The question is, therefore, is the order setting aside the judgment obnoxious to the objections which the appellant has urged against it?

The statute provides two ways in which judgments obtained before justices of the peace may be set aside, viz.:

*First.* In cases of judgments by default, which may be set aside at any time within ten days, upon payment of all costs. Section 1493, R. S. 1881.

*Second.* In cases where there has been a trial, and where a new trial may be obtained for cause, according to the usages of the circuit court. Section 1487, R. S. 1881.

The averment of the paragraph we are considering is that the judgment had been set aside and a new trial granted.

The judgment had been taken on default. The appellant's contention is that there is but one way of setting aside a judgment by default in a justice's court, and that is upon payment of all costs. She argues that, as the answer fails to show that this was done, there is no showing made that the original judgment was properly set aside.

There may be, and doubtless are, cases in which a judgment rendered on the default of the defendant before a justice of the peace may be set aside without payment of costs. But in all such cases we think the law contemplates notice to the opposite party, and where such notice is not given the subsequent proceedings are probably void. *Erskine* v. *Onyett,* 11 Ind. 335.

But it is alleged, as we have seen, that after the appellant knew the judgment had been set aside and a new trial granted she appeared before the justice, and asked for and obtained a continuance of the cause, and had it set for trial on a day in the future. It seems to us that she thus waived any objections to the order setting aside the judgment, and is therefore estopped to deny its validity.

Ordinarily, an appearance and motion to continue a cause carry with it the implication that the cause was properly within the jurisdiction of the court. *Mannix* v. *State, ex rel.,* 115 Ind. 245. We know of no good reason why this rule should not apply to a proceeding like the one under consideration. If the appellant was not satisfied with the order setting aside the judgment, she had a right either to ignore it entirely, or to move to set it aside. She pursued neither

course, but recognizing the validity of the order assented to a retrial of the cause, and had the justice fix a day for the same.

These are the allegations of the second paragraph of the answer, and we think they are sufficient to show that the judgment was vacated, and had no longer any validity, and that therefore an execution issued and delivered to the proper officer could have been of no avail. The demurrer was properly overruled.

The appellant has assigned for error the overruling of the motion for a new trial. One of the causes relied upon in the motion for a new trial was that the evidence was insufficient to sustain the finding.

The various records introduced in evidence show that the cause was tried before the appellee, as justice of the peace, and judgment rendered by him, as alleged in the complaint, on the 18th day of April, 1888. The record further shows that on the 21st day of April, 1888, the justice set aside the judgment and granted a new trial for the reason that the defendant did not have due notice of the time of the trial.

The record also shows the issuing of an execution on the same day the judgment was rendered, but not that it was delivered to any constable.

The suit before the justice was an action of replevin for two ponies.

The record discloses that a writ of replevin was issued April 11th, and delivered to a constable, returnable April 16th. It does not show, however, that the writ was ever returned, or that any notice whatever was served upon the defendant in that cause prior to the rendition of the judgment. It does appear, however, from the record, that Conrad himself came before Justice Walpole and filed an affidavit for a change of venue, which is perhaps a sufficient appearance to give the justice jurisdiction over his person.

The State, *ex rel.* Catalano, *v.* Martin *et al.*

The record of the order setting aside the judgment is as follows:

"April 21st, 1888.

" The defendant in the above entitled cause not having due notice of the time of the trial thereof, it is ordered that the above judgment in said cause be and the same is hereby set aside, and that said cause be set down for trial April 23d, at 10 o'clock A. M.          EZRA G. MARTIN, J. P."

Then follows this further entry :

"April 23d, 1888, at 10 o'clock A. M.

" Continued by agreement of the parties to April 30th, 1888, at 10 o'clock A. M."

Following this is another entry :

" October 16th, 1888.

" Comes now the defendant and moves the court to dismiss this cause at the costs of the plaintiff for want of prosecution, which motion the court sustained, and dismisses this cause at the costs of the plaintiff.

" EZRA G. MARTIN, J. P."

It is claimed by the appellant that this record shows a failure of proof upon the subject of the appellant's request to have the cause continued after the order setting aside the judgment was made.

The record shows that the cause was continued by agreement of the parties on April 23d, and set for trial on the 30th of April.

If the parties agreed to the continuance, and the setting of the case for trial on another day, it necessarily implies that the appellant assented to the continuance, and to the retrial of the cause. The record evidence fairly tends to sustain the finding on this point.

The appellant also complains of the ruling of the court in admitting certain oral testimony in reference to the proceedings of the justice in connection with the original cause and judgment.

The object of the testimony was to avoid the judgment.

Parol evidence attacking a judgment which the record, on its face, shows to be void, though incompetent, does not prejudice or impair the. rights of a party claiming under it; and the admission of such evidence is not reversible error. *Knopf* v. *Morel*, 111 Ind. 570.

. So, if we concede that the court erred in admitting the testimony, a point we do not decide, the error was harmless, and will not avail the appellant.

We have noticed all the errors complained of by appellant, and have found none for which we think the judgment should be reversed.

Judgment affirmed.

